1  **PETER C. ANDERSON**
United States Trustee
2  Frank Cadigan (Bar No. 95666)
Assistant U.S. TRUSTEE
3  OFFICE OF THE U.S. TRUSTEE
Ronald Reagan Federal Building
4        & United States Courthouse
411 West Fourth Street, Suite 9041
5  Santa Ana, California 92701-8000
Telephone (714) 338-3400
6  Fax (714) 338-3421
Email: frank.cadigan@usdoj.gov
7

8  UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
9  SANTA ANA DIVISION

10  In re:                        )  **8:11-bk-15230-ES**
                                )
11  **RUSSELL LARRY PARKS AND**  )  CHAPTER 11
**LISA CAROLE PARKS,**  )
12                                  )  NOTICE OF MOTION AND MOTION BY
                                )  UNITED STATES TRUSTEE TO
13                                  )  DETERMINE WHETHER COMPENSATION
                                )  PAID TO COUNSEL WAS EXCESSIVE
14                                  )  UNDER 11 U.S.C. §329 AND F.R.B.P.
                                )  2017; DECLARATIONS OF TERRY BIERS
15                                  )  AND RUSSELL PARKS IN SUPPORT
                                )  THEREOF
16                                  )
                                )  DATE:  SEPTEMBER 8, 2011
17                                  )  TIME:  10:30 a.m.
                                )  CTRM:  5A
18                Debtors.       )

19
20     **TO THE HONORABLE ERITHE A. SMITH, UNITED STATES BANKRUPTCY COURT JUDGE, AND PARTIES IN INTEREST:**

21        **NOTICE IS HEREBY GIVEN** that on the above date and time and in the indicated

22  courtroom, the United States Trustee (hereafter the "U.S. Trustee") will move the court to

23  determine whether the compensation paid to the **Law Office of Thomas P. Giordano** was

24  excessive under 11 U.S.C. § 329 and F.R.B.P. 2017 for the reasons stated in the motion.  The

25  hearing will be held in the courtroom noted above in United States Bankruptcy Court.

26        If you wish to oppose this Motion, you must **file a written response** with the

27  Bankruptcy Court and serve a copy of it upon the U.S. Trustee at the address set forth in the

28  upper left-hand corner of this document, upon the Debtors and the Debtors' attorney **no less**

**than fourteen (14) days** prior to the above hearing date. If you fail to file a written response to

1   this Motion within such time period, the Court may treat such failure as a waiver of your right

2   to oppose the Motion and may grant the requested relief. *Local Bankruptcy Rule 9013-1(f) and*

3   *(h).*

4
                                                    Respectfully submitted,
5                                                   Office of the United States Trustee

6
    Date:                                   By:      */s/ Frank Cadigan*
7                                                   Frank Cadigan
                                                    Assistant U.S. Trustee
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# I.

## *INTRODUCTION*

The U.S. Trustee is seeking to determine whether the $28,000 retainer paid to the Law Office of Thomas P. Giordano (hereinafter the "Firm") was excessive under 11 U.S.C. § 329 and F.R.B.P. 2017. The basis for the fee review is that the Firm has never filed an application to be employed in this case. Judicial approval of employment of counsel is a standard prerequisite to receiving compensation from the debtor. Even if the Firm were to file an application in response to this motion, the U.S. Trustee does not believe the Court will approve the employment on a *nunc pro tunc* basis. Accordingly, the Firm must disgorge the $28,000 retainer paid to it.

Assuming *arguendo* the Court is willing to employ the Firm on a retroactive basis, disgorgement is still required under the facts of this case because to date, the Firm has failed to provide competent and complete representation to the Debtor. In particular, the U.S. Trustee has filed a motion to dismiss or convert this case pursuant to §1112(b)(4) because after more than two months into this case, the Firm has failed to ensure the Debtors' compliance with the most basic requirements set forth in the Code, Rules, Local Bankruptcy Rules, and U.S. Trustee's Notice of Requirements, including failure to obtain Court approval for use of cash collateral, failure to timely file a status report for the Court's status conference, and failure to employ counsel.

It is also very important to note that the conduct of the Firm in this case is not an isolated incident. On February 23, 2011, Judge Zurzolo issued an Order Referring Thomas P. Giordano to the Bankruptcy Court's Disciplinary Panel. This Order was accompanied by Findings of Fact and Conclusions of Law which detailed misconduct in eight cases filed by the Firm in calendar year 2010 in the Central District. Seven of those cases were in the Los Angeles Division and one of those cases was in the Santa Ana Division before this Court.[1]

/ / /

---

[1] A September 8, 2011 pre-trial conference date has been set in the disciplinary proceeding against Thomas P. Giordano in case number 2:11-mp-00105-BR.

## II.

### *STATEMENT OF FACTS*

**1.    Filing of Petition, Schedules and Statement of Financial Affairs**

On April 13, 2011, Russell Larry Parks and Lisa Carole Parks (the "Debtors") filed a voluntary Chapter 11 petition. *See* PACER docket at Exhibit "A" and Debtors' Petition at Exhibit "B."

The Debtors' Schedule A indicates that they own six parcels of real property. *See* Exhibit "B," bates stamp page 23.  Debtors' Schedule D debt is 4,623,287.00.  *See* Exhibit "B," bates stamp pages 29 through 31. Debtors list no Schedule E debt and list Schedule F debt in the amount of $239,329.63. *See* Exhibit "B," bates stamp pages 32 through 40.

**2.    Representation of the Debtors by Mr. Giordano and the Firm**

The attorney of record representing the Debtors at the time of filing was the Law Office of Thomas P. Giordano (the "Firm").  The signature page of the petition was executed by Thomas P. Giordano. *See* Exhibit "B," bates stamp page 8.   Debtors' Rule 2016(b) statement, disclosed that the Firm was paid a $28,000 retainer.  *See* Exhibit "B," bates stamp page 58.  To date, the Firm has not filed an application to be employed. *See* Exhibit "A."

**3.    The Firm's Failure to Comply with Cash Collateral Requirements**

At their § 341(a) examination on May 18, 2011, the Debtors testified that they are collecting rental income from four properties.  However, to date, the Firm has not filed cash collateral motions or stipulations to obtain consent for use of cash collateral.  *See* Exhibit "A" and Declaration of Terry Biers ("Biers Dec.") at ¶4.

**4.    The Firm's Failure To Comply With U.S. Trustee Requirements**

On April 18, 2011, the U.S. Trustee sent e-mail correspondence to Thomas P. Giordano advising him of the necessity to comply with the U.S. Trustee's requirements within seven days of the filing date. *See* April 18 Correspondence at Exhibit "C" and Biers Dec. at ¶5. To date, the Firm has not provided the U.S. Trustee with the following compliance requirements:

(a)    Proof that all pre-petition bank accounts have been closed; and
(b)    Evidence that insurance is in place for all property  owned by the Debtors.

**5.        The Firm's Failure To File Monthly Operating Reports**

According to the Court docket and the U.S. Trustee records, the Firm has not filed Debtors' Operating Reports for February 2011 and April 2011. *See* Exhibit "A and Biers Dec. at ¶6.

**6.        The Firm Has Failed to File An Application To Be Employed in This Case**

Although the Firm has represented the Debtors since preparing their Petition on April 13, 2011, according to the Court's docket, the Firm never filed an application to be employed. *See* Exhibit "A." In the April 18, 2011 Correspondence (see ¶4 above), the U.S. Trustee's Office reminded Mr. Giordano of the need to file an application to be employed with the Court. *See* Exhibit "C" and Biers Dec. at ¶5.

**7.        The Firm's Failure to Comply With A Court Order**

On April 15, 2011, this Court entered an Order (1) Setting Hearing On Status of Chapter 11 Case; and (2) Requiring Report On Status of Chapter 11 Case. The Court's April 15 Order provides that "...failure to comply with any provision of this order may be deemed consent to the conversion or dismissal of this case." *See* the April 15 Order at Exhibit "D." On June 1, 2011, the U.S. Trustee filed comments for the above-referenced status conference. The U.S. Trustee's comments, which were electronically served on the Firm's five e-mail addresses, highlighted the deficiencies described in the above statement of facts. *See* U.S. Trustee's Comments for Court's Status Hearing at Exhibit "E." Despite the filing of U.S. Trustee comments over a week before the June 9, 2011 status conference, the Firm did not file Debtors' status report until June 8, 2011, thus violating this Court's order for Debtors to file its Status Report 21 days prior to the June 9, 2011 status hearing. *See* Exhibit "A" and Exhibit "D," bates stamp page 75.

**8.        Order Referring Thomas P. Giordano to Bankruptcy Court Disciplinary Panel and Accompanying Findings**

On February 23, 2011, Judge Zurzolo entered an Order Referring Thomas P. Giordano to the Bankruptcy Court's Disciplinary Panel. *See* Zurzolo Disciplinary Referral Order at Exhibit "F."

On February 23, 2011, Judge Zurzolo also entered Findings of Fact and Conclusions of Law; Statement of Cause Referring Thomas P. Giordano to the Disciplinary Panel. *See* Zurzolo Findings of Fact and Conclusions of Law at Exhibit "G."  The latter document details the misconduct of Thomas P. Giordano in eight cases filed by him in calendar year 2010 in the Central District.  Seven of those cases were in the Los Angeles Division, and one of those cases was in the Santa Ana Division before this Court.

**9.    The U.S. Trustee's Motion to Dismiss or Convert**

The U.S. Trustee has filed a motion to dismiss or convert this case pursuant to §1112(b)(4) based almost entirely on the dereliction of duty by the Firm as outlined above. *See* Exhibit "A."

**III**.

***POINTS AND AUTHORITIES***

1.    **Pursuant to 11 U.S.C. 329 and FRBP 2017 This Court Can Order the Return of Attorneys Fees If They Exceed the Reasonable Value of Services Provided**

11 U.S.C. 329 (b)  provides in pertinent part:

"If such compensation exceeds the reasonable value of any such services the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to...the entity that made such payment."

In turn, the Ninth Circuit BAP has held that "Court approval of the employment of counsel is *sine qua non* to counsel getting paid.  Failure to receive court approval for the employment of a professional in accordance with § 327 and Rule 2014 precludes the payment of fees." *In re Shirley*, 134 B.R. 940, 943-944 (9th Cir. BAP 1992)  (citations and footnotes omitted); *see also In re Weibel, Inc.*,176 B.R. 209, 212 (9th Cir. BAP 1994) ("When the debtor is a debtor in possession, Section 330 will allow compensation to the attorney for the debtor *only if court approval is first obtained* pursuant to Section 327." (emphasis added)); *In re Monument Auto Detail, Inc.*, 226 B.R. 219, 225 (9th Cir. BAP 1998) ("Thus, the Firm's failure to obtain court authorization for its employment was fatal to its ability to obtain payment for its chapter 11 services."). Additionally,  pursuant to Local Bankruptcy Rule 2014-1(b)(E), an application for the employment of counsel for a debtor in possession should be filed as promptly as possible after the commencement of the case.

In the present case, the Firm never filed an application to be employed. The U.S. Trustee contends that under controlling Ninth Circuit law, the Firm cannot seek retroactive employment at this juncture in the case, and, therefore, cannot be paid for whatever services it performed. As a result, the Firm must disgorge the $28,000 retainer it received from the Debtors.

**2.    Pursuant to 11 U.S.C. 329 and FRBP 2017 This Court Can Order the Return of Attorneys Fees If They Exceed the Reasonable Value of Services Provided**

Assuming *arguendo* the Court is willing to employ the Firm on a retroactive basis, disgorgement is still required under the facts of this case.

In the Ninth Circuit case of *In re Jastrem*, 253 F.3d 438 (9th Cir. 2001), the court there held that bankruptcy courts could return fees to the debtor where it found that they were unreasonable. Furthermore, the reasonableness of fees was governed by section 330 of the Bankruptcy Code. Moreover, the Ninth Circuit BAP has held that it is appropriate for a bankruptcy court to reduce fees when debtor's counsel fails to "...provide competent and complete representation...." *In re Basham*, 208 B.R. 926, 933 (9th Cir. BAP 1997). In that case, there were inaccuracies in the schedules and Chapter 13 plan, improperly claimed exemptions, and an improperly noticed plan confirmation hearing. *Id*. at 932.

In the recent case of  *In re Dean*, 401 B.R. 917 (Bankr. D. Idaho 2008) the court there opined:

> Frequently, a challenge to the reasonableness of a debtor's attorneys' fees focuses on the amount of time spent by the lawyer in providing services to the debtor, or the hourly rate charged by the lawyer for those services. This is not such a case. Here, Trustee does not indict Beeman for spending inadequate time in preparing and filing Debtor's bankruptcy case, or argue that his hourly rate is excessive. ***Instead, in this instance, Trustee's motion calls into question the quality of the legal services Beeman provided to Debtors for the fees he charged....*** *Id*. at 922-923. (footnotes omitted)(emphasis added).

In *Dean*, the court concluded that debtor's counsel did not provide competent representation because he failed to make an adequate inquiry into the status of the lien on their motor home prior to filing their bankruptcy case, thus, failing to protect it from liquidation by the chapter 7 trustee. Accordingly, pursuant to § 329(b), the court disgorged one half of the fees received by counsel back to the debtors.  *Id*. at 925-926.

- 7 -

In the present case, the Firm has not performed services worth $28,000.  More fundamentally, as was the case in *Dean, supra*, the U.S. Trustee is calling into question the quality of the legal services the Firm provided to the Debtors.  In particular, there is a pending motion to dismiss this case filed by the U.S. Trustee because the Firm has failed to adhere to the most basic requirements set forth in the Code, Rules, Local Bankruptcy Rules and U.S. Trustee's Notice of Requirements.  As set forth above in the statement of facts, this conclusion was reached by reviewing the following information available to the U.S. Trustee in this case:

A.    The PACER docket, which reflects no pleadings filed by the Firm other than the basic pleadings required to commence an individual Chapter 11 case;

B.    Although the Firm has represented the Debtors since preparing their Petition on April 13, 2011, according to the Court docket, the Firm has not filed an application to be employed;

C.    The Firm allowed the Debtors to operate rental properties for over two months without filing a single cash collateral motion or stipulation, in violation of §363(c)(2);

D.   The Firm failed to comply with key U.S. Trustee's Notice of Requirements, despite the April 18, 2011 e-mail correspondence to Thomas P. Giordano advising him of the necessity to comply with the U.S. Trustee's requirements within seven days of the filing date; and

E.   Despite the filing of U.S. Trustee comments over a week before the June 9, 2011 status conference, the Firm did not filed a status report until one day before the status conference, thus, violating this Court's order.

Finally, as noted above, the misconduct by the Firm in this case is not an isolated incident.  Rather, it is a pattern of activity that has been memorialized in Judge Zurzolo's February 23, 2011 Order and accompanying Findings referring Mr. Giordano to the Disciplinary Panel.  The instant case was filed almost two months after the Order and Findings were issued.  One would think that the Order and Findings would have been a wake up call to the Firm to provide competent services in this case.  However, four months later, the Firm continues to engage in misconduct in handling bankruptcy cases.

Accordingly, a substantial, if not all, of the $28,000  received by the Firm should be disgorged because it failed to provide services of equivalent value, and because it failed to provide competent and complete representation to the Debtors.

## IV.

## CONCLUSION

Wherefore, the United States Trustee requests entry of an order determining the following:

a.  that the $28,000 retainer paid to the Firm be paid back to the Debtors and no further

debt is owed by the Debtors to the Firm; and

b.  for any other relief the Court might wish to order in this matter.

Respectfully submitted,
Office of the United States Trustee

Date:                                          By:  /s/ Frank Cadigan
Frank Cadigan
Assistant U.S. Trustee

**DECLARATION OF TERRY BIERS**

I, Terry Biers, hereby declare as follows:

1.      I am employed by the Office of the U.S. Trustee for as a Bankruptcy Analyst. My duties and responsibilities include the review and analysis of Chapter 11 cases, including the case of Russell Larry Parks and Lisa Carole Parks.  The facts stated herein are within my personal knowledge and if called upon to testify to the same I could and would testify competently thereto. This declaration is filed in support of the United States Trustee's Notice of Motion and Motion by United States Trustee to Determine Whether Compensation Paid to Counsel Was Excessive under 11 U.S.C. §329 and F.R.B.P. in case number 8:11-bk-15230-ES.

2.      On April 13, 2011, Russell Larry Parks and Lisa Carole Parks (the "Debtors") filed a voluntary Chapter 11 petition. *See* Exhibit "A" and Exhibit "B."

       The Debtors' Schedule A indicates that they own six parcels of real property.  *See* Exhibit "B," bates stamp page 23.  Debtors' Schedule D debt is 4,623,287.00.  *See* Exhibit "B," bates stamp pages 29 through 31. Debtors list no Schedule E debt and list Schedule F debt in the amount of $239,329.63. *See* Exhibit "B," bates stamp pages 32 through 40.

3.      The attorney of record representing the Debtors at the time of filing was the Law Office of Thomas P. Giordano (the "Firm").  The signature page of the petition was executed by Thomas P. Giordano. *See* Exhibit "B," bates stamp page 8.   Debtors' Rule 2016(b) statement, disclosed that the Firm was paid a $28,000 retainer.  *See* Exhibit "B," bates stamp page 58.  To date, the Firm has not filed an application to be employed. *See* Exhibit "A."

4.      At their §341(a) examination on May 18, 2011, the Debtors testified that they are collecting rental income from four properties.  However, to date, the Firm has not filed cash collateral motions or stipulations to obtain consent for use of cash collateral.  *See* Exhibit "A."

5.      On April 18, 2011, I sent an e-mail correspondence to Thomas P. Giordano advising him of the necessity to comply with the U.S. Trustee's requirements within seven days of the filing date. *See* April 18 Correspondence at Exhibit "C."  To date, the Firm has not provided the U.S. Trustee with the following compliance requirements:

       (a)      Proof that all pre-petition bank accounts have been closed; and,

(b)        Evidence that insurance is in place for all property owned by the Debtors.

6.     A review of the Court docket and U.S. Trustee records indicates that the Firm has not filed Debtors' Operating Reports for February 2011 and April 2011.  *See* Exhibit "A."

7.     Although the Firm has represented the Debtors since preparing their Petition on April 13, 2011, according to the Court's docket, the Firm has not filed an application to be employed. *See* Exhibit "A." In the April 18, 2011 Correspondence, I reminded Mr. Giordano of the need to file an application to be employed with the Court. *See* Exhibit "C."

8.     On April 15, 2011, this Court entered an Order (1) Setting Hearing On Status of Chapter 11 Case; and (2) Requiring Report On Status of Chapter 11 Case. The Court's April 15 Order provides that "...failure to comply with any provision of this order may be deemed consent to the conversion or dismissal of this case."  *See* Exhibit "D."  On June 1, 2011, the U.S. Trustee filed comments for the above-referenced status conference.  The U.S. Trustee's comments, which were electronically served on the Firm's five e-mail addresses, highlighted the deficiencies described in the above statement of facts. *See* Exhibit "E."  Despite the filing of U.S. Trustee comments over a week before the June 9, 2011 status conference, the Firm did not file Debtors' status report until June 8, 2011, thus violating this Court's order for Debtors to file its Status Report 21 days prior to the June 9, 2011 status hearing.  *See* Exhibit "A" and Exhibit "D," bates stamp page 75.

9.     On February 23, 2011, Judge Zurzolo entered an Order Referring Thomas P. Giordano to the Bankruptcy Court's Disciplinary Panel. *See* Exhibit "F."

On February 23, 2011, Judge Zurzolo also entered Findings of Fact and Conclusions of Law; Statement of Cause Referring Thomas P. Giordano to the Disciplinary Panel. *See* Exhibit "G."  The latter document details the misconduct of Thomas P. Giordano in eight cases filed by him in calendar year 2010 in the Central District.  Seven of those cases were in the Los Angeles Division and one of those cases was in the Santa Ana Division before this Court.

10.    The U.S. Trustee has filed a motion to dismiss or convert this case pursuant to §1112(b)(4) based almost entirely on the dereliction of duty by the Firm as outlined above. *See* Exhibit "A."

1

2          I declare under penalty of perjury that the foregoing facts are known by me to be true

3    and correct and are based upon my personal knowledge.       Executed on this 21st day of July,

4    2011, in Santa Ana, California.

5

6                                              /s/ Terry Biers
                                               Terry Biers
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>DECLARATION OF RUSSELL PARKS</u>

I, Russell Parks declare as follows:

1.     I am one of the Debtors in Chapter 11 case, filed on April 13, 2011, Case No. 8:11-bk-15230-ES.  I make this declaration upon my own personal knowledge.  If called upon to testify as to the matters set forth herein, I could and would competently testify thereto.

2.     I heard a radio advertisement on KRTH 101 for the services of the Law Office of Thomas P. Giordano and decided to call that office to discuss a Chapter 11 case.

3.     About June 7 or 8, 2010, my wife and I first visited the Law Office of Thomas P. Giordano for a consultation.  There, I met with Richard Newman, a non-attorney, who advised me to stop paying my mortgage to build up a $28,000 retainer for the Law Office of Thomas P. Giordano to file a Chapter 11 case for me.

4.     Mr. Newman advised me that I had a great Chapter 11 case because I had the income to fund a Chapter 11 plan where I would be able to strip the liens on my properties and pay the stripped down mortgages at 4.5% to 5% interest.

5.     On July 8, 2010, my wife and I saw Mr. Newman again and entered into a Fixed Fee retainer agreement for the Law Office of Thomas P. Giordano to file a Chapter 11 case for my wife and I for $28,000 plus a $1,039 filing fee.  A copy of the retainer agreement is attached hereto as Exhibit "1."  The purpose of retaining the Law Office of Thomas P. Giordano was to assist my wife and I with a Chapter 11 case.  At this meeting, I paid the Law Office of Thomas P. Giordano.  A copy of the $13,000 payment and the Law Office of Thomas P. Giordano's deposit slip is attached hereto as Exhibit "2."

6.     On August 13, 2010, my wife and I went to the Law Office of Thomas P. Giordano and met with Delores Jackson, Charise, and Devin Taat, all non-lawyers.  At that meeting, I paid the Law Office of Thomas P. Giordano the balance of the retainer due: $16,039 with a cashier's check, a copy of which is attached hereto as Exhibit "3."  Therefore, I paid the Law Office of Thomas P. Giordano a total of $29,039.

7.     Around early November 2010, my wife and I visited the Law Office of Thomas P. Giordano and met with Charise.  Charise advised us to hold off on filing a Chapter 11

1
DECLARATION OF RUSSELL PARKS

1   until early 2011.  In the meantime, Charise, a non-laywer, advised us to increase our secured debt

2   and reduce our unsecured debt.

3            8.    On or about March 28, 2011, my wife and I went to the Law Office of

4   Thomas P. Giordano where I met with an attorney Randy Dorcy and Ricardo Ormand Prada, a non-

5   lawyer to prepare a Chapter 11 petition and schedules.  Randy Dorcy advised us that he was unable

6   to file Chapter 11 without a completed 7 day package.  Randy Dorcy admitted to us that no one in

7   the Law Office of Thomas P. Giordano was qualified to handle a Chapter 11 case until he joined the

8   group.  On or about April 11, 2011, my wife and I met with Randy Dorcy to finalize the 7 day

9   package.

10            9.    Our Chapter 11 petition was filed on April 13, 2011.

11            10.    Shortly after the 341(a) meeting on May 18, 2011, we spoke with a non-

12   lawyer Soheil Adighi about our 7 day package that he was preparing.  We also spoke with Frances

13   with the Law Office of Thomas P. Giordano to file our monthly operating reports.

14            11.    After the 341(a) meeting, we became concerned that no one associated with

15   the Law Office of Thomas P. Giordano had the Chapter 11 bankruptcy expertise we need.

16            12.    I believe the Law Office of Thomas P. Giordano filed our 7 day package on

17   May 27, 2011.

18            13.    We were informed by Randy Dorcy that at the case status conference on June

19   9, 2011, Thomas P. Giordano did not appear.  Randy Dorcy appeared, but because he was not our

20   counsel of record, the Court sanctioned Thomas Giordano $100 for failure to appear at the status

21   conference and continued the status conference to June 14, 2011.

22            14.    Neither Thomas Giordano nor Randy Dorcy told us about the June 14, 2011

23   status conference or that we were required to appear.  It is our understanding that neither Thomas

24   Giordano nor Randy Dorcy appeared at the June 14, 2011 status conference.

25            15.    On June 15, 2011, we were notified by the Court about our failure to appear at

26   the June 14, 2011 status conference.  We attempted to call Mr. Giordano and Mr. Dorcy repeatedly

27   on June 16, 2011 but they never returned our call.  Therefore, we decided to go to Mr. Giordano's

28   office on June 17, 2011.

2

DECLARATION OF RUSSELL PARKS

1        16.     On June 17, 2011, Randy Dorcy told us he could not represent us because

2 Court was not pleased with Mr. Giordano performance. Mr. Dorcy further stated that he was willing

3 to waive the $8,470 in fees he billed to us by that time.

4        17.     On July 15, 2011, I sent a letter to the Law Office of Thomas P. Giordano

5 confirming our termination of its services and request for refund of the $28,000 retainer paid. A

6 copy of the confirmation letter is attached hereto as Exhibit "4".

7        18.     At no time while we had retained the Law Office of Thomas P. Giordano have

8 we ever met Thomas P. Giordano.

9        I declare under penalty of perjury under the laws of the State of California that the

10 foregoing is true and correct, and that this declaration is executed on July 15, 2011, at Orange

11 County, California.

12                        /s/ Russell Parks

13                        RUSSELL PARKS

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF RUSSELL PARKS

50019v1/1154-001

# FIXED FEE RETAINER AGREEMENT

1. Russell L. Parks, Lisa C. Parks, the undersigned hereinafter referred to as "Client[s]" or "Debtor[s]", hereby retain[s] the Law Offices of Thomas P. Giordano, hereinafter called "Attorney", to represent the Client[s] in their Chapter 11 Bankruptcy Petition, to be filed in the United States Bankruptcy Court, Central District of California.

2. Client[s] and Attorney are aware that the fees for preparing a Chapter 11 bankruptcy petition and appearing at any Meetings and Hearings are not set by law, but rather negotiable. The costs are as follows: A non-refundable Fixed Fee Retainer in the amount of $28,000.00; plus the filing fee in the amount of $1,039.00, for a total amount of $29,039.00.

Attorney and law firm maintain Professional Liability Insurance.

3. Client[s] understands that this Fixed Fee Retainer Agreement is not based on hours that will be spent on the case, but are based on the liability and the risk taken by Attorney. This non-refundable Fixed Fee Retainer in the aforesaid amount means that Client[s] will not be entitled to any unearned fees and this amount is a Fixed Fee Retainer Agreement and its payment by Client[s] to Attorney guarantees that Attorney will perform all of the work required for this Chapter 11 case to be in the best interests of the Debtor[s]. Client[s] understand[s] and agree[s] that Attorney may deposit this Retainer into Attorney's general bank account instead of a Client Trust Account.. All out-of-pocket expenses are not included and will be billed monthly.

Attorney hereby accepts said employment and agrees to take such steps or measures as are in his judgment that are reasonably necessary to enforce Client's legal rights.

4. Accordingly, Attorney possesses the requisite expertise and background to handle all matters that are likely to arise in this case. The Debtor[s] contemplate[s] that Attorney will render the following general legal services:

(a)     Advising the Debtor[s] concerning their rights and powers and duties under Section 1103 of the Bankruptcy Code;

(b)     Advising the Debtor[s] concerning the administration of the Debtor's case;

(c)     Preparing on behalf of the Debtor[s] all necessary and appropriate applications, motions, pleadings, draft orders, notices and other documents to be filed with this case;

(d)     Advising the Debtor[s] concerning, and preparing responses to, applications, motions, pleadings, notices and other papers that may be filed and served in this case;

(e)     Assisting the Debtor[s] in preparing and presenting a Chapter 11 plan of reorganization;

(f)     Representing the Debtor[s] in any proceeding or hearing in the Bankruptcy Court involving their estate unless the Debtor[s] is [are] represented in a proceeding or a hearing by other special counsel;

(g)     Counseling and assisting the Debtor[s] in claims analysis and resolution of such matters;

(h)     Commencing and conducting any and all investigations and litigation necessary or appropriate to assert rights on behalf of the Debtor[s], or otherwise further the goals of the Debtor[s] in this case;

(i)     Representing the Debtor[s] in any litigation commenced by, or against, the Debtor[s], including, without limitation, any nondischargeability litigation, provided that such litigation is within Attorney's expertise and subject to a further engagement agreement with the Debtor[s] on terms acceptable to the Attorney. Any **Adversary Complaints** commenced by or against the Debtor[s] **are not included** in this Advance Fee Agreement as this is subject to a further Retainer Agreement that will be billed and charged separately.

(j)     Preparing and assisting the Debtor[s] in the preparation of reports, applications, pleadings and orders including, but not limited to, applications to employ professionals, monthly operating reports, initial filing requirements, schedule and statement of financial affairs, lease pleadings, cash collateral pleadings and financing pleadings;

(k)     Representing the Debtor[s] with regard to obtaining use of cash collateral including, but not limited to, negotiating and seeking Bankruptcy Court approval of any cash collateral pleading stipulation and preparing any pleadings relating to obtaining the use of cash collateral;

(l)     Assisting the Debtor[s] in the negotiation, formulation, preparation and confirmation of a plan of reorganization and the preparation and approval of a disclosure statement in respect to the Chapter 11 Plan;

(m)    Examination of claims of creditors in order to determine their validity; and

(n)     Performing such other legal services for and on behalf of the Debtor[s] as may be necessary or appropriate to assist the Debtor[s] in satisfying its duties under Section 1103 of the Bankruptcy Code.

The Debtor[s] hereby request[s] that all legal fees and related costs incurred by the Debtor[s] on account of services rendered by Attorney in this case be paid as administrative expenses of the estate.

Subject to this Court's approval, Attorney will charge the Debtor[s] for their legal services on a fixed fee basis in the amount as aforesaid, in effect on the date that such services are rendered.

Attorney has complied with the Bankruptcy Court's compensation and reimbursement of expenses in accordance with the provisions of the Bankruptcy Code, the Bankruptcy Rules and applicable local rules. Attorney has received a non-refundable fixed fee Retainer, in the amount described above, for services to be rendered in this bankruptcy case, as further described herein.

5.    The Debtor[s] will pay the agreed upon aforesaid sum, which is non-refundable, to Attorney for legal services, including representation in litigation and those in contemplation of and in connection with the Debtor's Chapter 11 case (the "Pre-Petition Retainer"). Attorney has not been paid any other money by the Debtor[s] or any other party in connection with the representation of the Debtor.

6.    Client[s] and Attorney agree that there is an amount of $1,039.00 for filing fees for the Chapter 11 case and said amount is to be paid in addition to the fixed fee.

**Attorney will not be owed any attorney's fees by the Debtor[s] post-petition.**

7.    The source of the Fixed Fee Retainer and Retainer Balance was from the Debtor[s]. The Retainer Balance is a fixed fee non-refundable Retainer for all fees incurred and expenses advanced on behalf of the Debtor during the Debtor's Chapter 11 case.

8.    Attorney understands the provisions of 11 U.S.C. §§327, 328, 330 and 331 which require, among other things, Court approval of the Debtor[s]' employment of Attorney as counsel and of all legal fees and reimbursement of expenses that Attorney will receive from the Debtor's estate.

9.    Attorney does not hold or represent any interest adverse to the Debtor[s], the creditors herein or to the bankruptcy estate, and Attorney is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code. Attorney has no prior connection with the Debtor[s], the bankruptcy estate, any insiders of the Debtor[s], any entities disclosed to Attorney to be related to the Debtor, any creditors of the Debtor[s], or any other party in interest in this bankruptcy case, or their respective attorneys or accountants, the United States Trustee or any person employed by the United States Trustee.

10.    The Debtor[s] believe[s] that the employment of Attorney upon the terms and conditions set forth above is in the best interests of the Debtor[s], the Debtor's estate and the creditors of the Debtor[s]' estate.

11.    MANDATORY Arbitration Agreement. Any agreement between the parties regarding the construction, application or performance of any services of this Agreement, any claim arising out of or relating to this Agreement, or its breach, including but not limited to any alleged fraud action, tort or negligence, shall be submitted to binding arbitration upon the written request of either party to the other party. Arbitration shall be administered by the American Arbitration Association in accordance with its Commercial Arbitration Rules. Judgment on the arbitrator's award may be entered in any court having jurisdiction. The sole and exclusive venue for the arbitration and any legal dispute shall be Orange County, California. Any damages awarded to either party shall be limited to any fees collected plus reasonable attorney fees. The total amount of the entire award, including attorney fees and costs, shall not exceed the sum of Seventy Five Thousand Dollars [$75,000.00].

12.  If Attorney is discharged from this case, Client[s] acknowledge that Attorney is entitled to the aforesaid non-refundable Fixed Fee Retainer for all the professional services rendered by Attorney.

Date: 7/8/10

_____
Russell L. Parks, Client

Date: 7/8/10

_____
Lisa C. Parks, Client

Date: _____

_____
Law Office of Thomas P. Giordano, Attorney

LISA PARKS
RUSSELL L. PARKS
204 S LA ESPERANZA B
SAN CLEMENTE, CA  92672

16-49  70048
1220

1146

DATE  7/8/10

PAY TO THE
ORDER OF     1 800 FIX BK                          | $ 13,000 00

Thirteen thousand dollars no/100            DOLLARS

**Union**Bank
Payable at any Union Bank branch
(800) 238-4486
unionbank.com

FOR  First dep/pymt                    Lisa Parks

⑆122000496⑆  0480049454⑈  1146

Richard

Wells Fargo Bank
Transaction Record

Store # 08848 06                    Deposit

Account Number                    Amount
XXXXXX2928                    $13,000.00
00114
Transaction # 016 0018
04:33PM  07/08/10 Credited: 07/09/10

Thank you, Adrian

# Statement

Law Office of Thomas P. Giordano

500 North State College Boulevard
Suite 530
Orange, CA 92868

| Date |
|---|
| 7/12/2010 |

To:

Russell L. & Lisa C. Parks
204 S. La Esperanza B
San Clemente, CA 92672

| Amount Due | Amount Enc. |
|---|---|
| $16,039.00 | |

| Date | Transaction | Amount | Balance |
|---|---|---|---|
| 06/12/2010 | Balance forward | | 0.00 |
| 07/08/2010 | INV Due 07/08/2010. | 28,000.00 | 28,000.00 |
| | Opening balance | | |
| | --- Opening balance $28,000.00 | | |
| 07/08/2010 | Due 07/08/2010. | 1,039.00 | 29,039.00 |
| | Chapter 11 Court Filing Fee | | |
| | --- Chapter 11 $1,039.00 | | |
| 07/08/2010 | PMT #1146. | -13,000.00 | 16,039.00 |

| CURRENT | 1-30 DAYS PAST DUE | 31-60 DAYS PAST DUE | 61-90 DAYS PAST DUE | OVER 90 DAYS PAST DUE | Amount Due |
|---|---|---|---|---|---|
| 1,039.00 | 15,000.00 | 0.00 | 0.00 | 0.00 | $16,039.00 |

Wells Fargo Bank
Transaction Record

STORE # 08848 02    Deposit

Account Number          XXXXXX2928
00114
Cash In                 $0.00
Number of checks        1

Total Deposited         $16,039.00
Less Cash               $16,039.00
Net Deposit Amount      - $0.00
                        $16,039.00

Transaction # 065 0109
05-31PM  08/13/10 Credited 08/13/10

Thank you, Tania

---

THIS MULTI-TONE AREA OF THE DOCUMENT CHANGES COLOR GRADUALLY AND EVENLY FROM DARK TO LIGHT WITH DARKER AREAS BOTH TOP AND BOTTOM

**CASHIER'S CHECK**          0048009297

**U UnionBank**
UNION BANK, N.A.
SAN FRANCISCO, CALIFORNIA
800-238-4486
53129    038

*Sixteen Thousand Thirty Nine Dollars And No Cents*          *August 12, 2010*

$ *****16,039.00

PAY TO THE
ORDER OF    ············ *1-800-FIXED-BK* ············

REMITTER:    *Russell Parks*

(AUTHORIZED SIGNATURE)

FORM 00255-T3 (08/23/2003)                    Overlay ID 00247-T3 (06/2007)

⑈"0048009297"⑈ ⑆122004796⑆ 0566000006"

# Russell and Lisa Parks

July 14, 2011

Law offices of Thomas Giordano
18101 Von Karman Ave. Ste. 560
Irvine Ca. 92612

Dear Mr. Thomas Giordano:
Subject: Termination of Services

This letter is to inform you that we are terminating your office's
representation of us in our Chapter 11 Petition effective immediately.

Also, we demand a full refund of the $28,000 retainer paid to your firm
because your office has not provided the services promised.

We are seeking representation elsewhere.

Respectfully,

Lisa and Russell Parks
cc:    J. Randy Dorcy

# Exhibit "A"

**PlnDue, DsclsDue**

# U.S. Bankruptcy Court
## Central District Of California (Santa Ana)
### Bankruptcy Petition #: 8:11-bk-15230-ES

*Date filed:* 04/13/2011

*Assigned to:* Erithe A. Smith
Chapter 11
Voluntary
Asset

| | |
|---|---|
| *Debtor*<br>**Russell Larry Parks**<br>204 S. La Esperanza, No. B<br>San Clemente, CA 92672<br>SSN / ITIN: xxx-xx-5762<br>*aka*<br>**Russell Lawrence Parks**<br>*aw*<br>**Russell and Lisa Parks Trust** | represented by **Thomas P Giordano**<br>Law Office of Thomas P.<br>Giordano<br>18101 Von Karman Ave ste<br>560<br>Irvine, CA 92612<br>714-912-7810<br>Fax : 714-912-7860<br>Email: tohmahso@aol.com |
| *Joint Debtor*<br>**Lisa Carole Parks**<br>204 S. LaEsperanza, No. B<br>San Clemente, CA 92672<br>SSN / ITIN: xxx-xx-5718<br>*aka*<br>**Lisa Carole Bridge-Parks**<br>*aw*<br>**Russel and Lisa Parks Trust**<br>*dba*<br>**Kidart** | represented by **Thomas P Giordano**<br>(See above for address) |
| *U.S. Trustee*<br>**United States Trustee (SA)**<br>411 W Fourth St., Suite 9041<br>Santa Ana, CA 92701-4593 | represented by **Frank Cadigan**<br>411 W 4th St Ste 9041<br>Santa Ana, CA 92701<br>714-338-3405<br>Fax : 714-338-3421<br>Email:<br>frank.cadigan@usdoj.gov |

| Filing Date | # | Docket Text |
|---|---|---|
| | | Chapter 11 Voluntary Petition. Fee Amount $1039 Filed by Russell Larry Parks, Lisa Carole Parks (Giordano, Thomas) |

# EXHIBIT A                    000001

| | | |
|---|---|---|
| 04/13/2011 | 1 | (Entered: 04/13/2011) |
| 04/13/2011 | 2 | Declaration Re: Electronic Filing Filed by Joint Debtor Lisa Carole Parks, Debtor Russell Larry Parks. (Giordano, Thomas) (Entered: 04/13/2011) |
| 04/13/2011 | 3 | Certificate of Credit Counseling Filed by Joint Debtor Lisa Carole Parks, Debtor Russell Larry Parks. (Giordano, Thomas) (Entered: 04/13/2011) |
| 04/13/2011 | 4 | Statement of Social Security Number(s) Form B21 Filed by Joint Debtor Lisa Carole Parks, Debtor Russell Larry Parks. (Giordano, Thomas) (Entered: 04/13/2011) |
| 04/13/2011 | | Receipt of Voluntary Petition (Chapter 11)(8:11-bk-15230) [misc,volp11] (1039.00) Filing Fee. Receipt number 19867633. Fee amount 1039.00. (U.S. Treasury) (Entered: 04/13/2011) |
| 04/15/2011 | 5 | Order: (1) Setting Hearing on Status of Chapter 11 Case; and (2) Requiring Report on Status of Chapter 11 Case (Related Doc # 1 ) Signed on 4/15/2011 (Duarte, Tina) (Entered: 04/15/2011) |
| 04/15/2011 | | Hearing Set RE: (1) Status of Chapter 11 Case; and (2) Requiring Report on Status of Chapter 11 Case (related document # 1 ). Status hearing to be held on 6/9/2011 at 10:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701. The case judge is Erithe A. Smith (Duarte, Tina) (Entered: 04/15/2011) |
| 04/15/2011 | 6 | Meeting of Creditors 341(a) meeting to be held on 5/18/2011 at 11:00 AM at RM 1-159, 411 W Fourth St., Santa Ana, CA 92701. Last day to oppose discharge or dischargeability is 7/18/2011. (Beezer, Cynthia) (Entered: 04/15/2011) |
| 04/17/2011 | 7 | BNC Certificate of Notice (RE: related document(s) 6 Meeting of Creditors Chapter 11 & 12) No. of Notices: 23. Service Date 04/17/2011. (Admin.) (Entered: 04/17/2011) |
| 04/17/2011 | 8 | BNC Certificate of Notice - PDF Document. (RE: related document(s) 5 Order (Generic)) No. of Notices: 2. Service Date 04/17/2011. (Admin.) (Entered: 04/17/2011) |
| 04/19/2011 | 9 | Notice of Hearing *STATUS CONFERENCE, Copy of Order (1) Setting hearing on Status of Chapter 11 Case; and (2) Requiring Report on Status of Chapter 11 Case; with Proof of Service* Filed by Joint Debtor Lisa Carole Parks, Debtor Russell Larry Parks. (Giordano, Thomas) (Entered: 04/19/2011) |
| | | |

**EXHIBIT A**                    **000002**

| | | |
|---|---|---|
| 04/19/2011 | 10 | Notice of Appearance and Request for Notice by Kristin A Zilberstein Filed by Creditor BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP, it assignees and/or successors. (Zilberstein, Kristin) (Entered: 04/19/2011) |
| 04/21/2011 | 11 | Request for courtesy Notice of Electronic Filing (NEF) Filed by Brian A Paino on behalf of Courtesy NEF. (Paino, Brian) (Entered: 04/21/2011) |
| 05/13/2011 | 12 | Motion to Set Last Day to File Proofs of Claim Filed by Joint Debtor Lisa Carole Parks, Debtor Russell Larry Parks (Giordano, Thomas) (Entered: 05/13/2011) |
| 05/13/2011 | 13 | Notice of motion/application *BY DEBTOR AND DEBTOR IN POSSESSION TO ESTABLISH A BAR DATE FOR FILING PROOFS OF CLAIM, with Proof of Service* Filed by Joint Debtor Lisa Carole Parks, Debtor Russell Larry Parks (RE: related document(s) 12 Motion to Set Last Day to File Proofs of Claim Filed by Joint Debtor Lisa Carole Parks, Debtor Russell Larry Parks). (Giordano, Thomas) (Entered: 05/13/2011) |
| 06/01/2011 | 14 | Status report */U.S. Trustee's* Filed by U.S. Trustee United States Trustee (SA) (RE: related document(s) 1 Voluntary Petition (Chapter 11)). (Cadigan, Frank) (Entered: 06/01/2011) |
| 06/08/2011 | 15 | Status report Filed by Joint Debtor Lisa Carole Parks, Debtor Russell Larry Parks (RE: related document(s) 14 Status report). (Giordano, Thomas) (Entered: 06/08/2011) |
| 06/09/2011 | | Status Conference Hearing Continued (RE: related document(s) 1 Chapter 11 Voluntary Petition) - Status Conference continued to 6/14/2011 at 10:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701; MR. GIORDANO AND AT LEAST ONE OF THE DEBTORS MUST BE PRESENT AT HEARING. The case judge is Erithe A. Smith. (cr:reid) (Bernson, Alicia) (Entered: 06/17/2011) |
| 06/10/2011 | 16 | Order continuing hearing on Chapter 11 Status Conference and compelling Thomas P Gioedano and one of the Debtors to personally appear at the continued Chapter 11 Status Conference on June 14, 2011 at 10:30am on Courtroom 5A [see Order for further rulings] (Related Doc # 1 ) Signed on 6/10/2011 (I, deputy clerk who is making this entry, certify that service on all parties under Section II was completed, Reid, Rick) (Entered: 06/10/2011) |
| | | Order For Sanctions (Related Doc # 1 ) Signed on 6/10/2011. |

| | | |
|---|---|---|
| 06/10/2011 | 17 | ORDERED, that sanctions are imposed against Debtor's counsel, Thomas Giordano, Esq in the amount of $100.00 payable to the Clerk of the US Bankruptcy Court within 30 days of the entry of this order. ( I, deputy clerk who is making this entry, certify that service on all parties under Section II was completed, Deramus, Glenda) (Entered: 06/10/2011) |
| 06/10/2011 | 19 | ORDER re: sanctions imposed against Thomas Giordano, Esq., Debtor's Counsel in the amount of $100.00 by court to be paid to the court Sanctions Amount: $100.00 Signed on 6/10/2011. (I, deputy clerk who is making this entry, certify that service on all parties under Section II was completed, Deramus, Glenda) Modified on 6/14/2011 CORRECTING THE PRIOR DOCKET ENTRY #17 (Deramus, Glenda). (Entered: 06/14/2011) |
| 06/12/2011 | 18 | BNC Certificate of Notice - PDF Document. (RE: related document(s) 16 Order (Generic)) No. of Notices: 3. Service Date 06/12/2011. (Admin.) (Entered: 06/12/2011) |
| 06/14/2011 | | Hearing Continued (related document # 1 ) - Status Conference hearing Continued to 7/19/2011 at 10:30 AM at Crtrm 5A, 411 W Fourth St., Santa Ana, CA 92701; Court to Issue Order to Show Cause Why Sanctions of Not Less than $1,000 Should Not Be Imposed on Debtors' Attorney of Record, Thomas P. Giordano, Esq and Why He Should Not be Held in Contempt of Court For Failure to Appear at Today's Hearing (cr:reid). The case judge is Erithe A. Smith (Duarte, Tina). (Entered: 06/21/2011) |
| 06/15/2011 | 20 | BNC Certificate of Notice - PDF Document. (RE: related document(s) 17 Order (Generic)) No. of Notices: 3. Service Date 06/15/2011. (Admin.) (Entered: 06/15/2011) |
| 06/19/2011 | 21 | Monthly Operating Report. Operating Report Number: 1. For the Month Ending 05/31/2011 Filed by Debtor Russell Larry Parks. (Giordano, Thomas) (Entered: 06/19/2011) |
| 06/19/2011 | 22 | Monthly Operating Report. Operating Report Number: 1. For the Month Ending 05/31/2011 Filed by Debtor Russell Larry Parks. (Giordano, Thomas) (Entered: 06/19/2011) |
| 06/20/2011 | 23 | U.S. Trustee Motion to dismiss or convert *This Case Pursuant to 11 U.S.C. Section 1112(b); And Request For Any Quarterly Fees Due and Payable to the U.S.Trustee at the Time of the Hearing* Filed by U.S. Trustee United States Trustee (SA). (United States Trustee (dg)) (Entered: 06/20/2011) |
| | | ORDER to continue hearing on Chapter 11 Status Conference and Order To Show Cause Why Attorney Thomas P Giordano |

**EXHIBIT A**                    **000004**

| | | |
|---|---|---|
| 06/20/2011 | 24 | Should Not Be Held In Contempt of Court and Sanctioned Not Less Than $1,000 For Failing To Appear At The Continued Status Conference Held on June 14, 2011 at 10:30 AM to July 19, 2011 at 10:30 AM, Rm 5A (Related Doc # 1 ) Signed on 6/20/2011 ( I, deputy clerk who is making this entry, certify that service on all parties under Section II was completed, Deramus, Glenda) Modified on 6/20/2011 (Deramus, Glenda). (Entered: 06/20/2011) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 06/21/2011 12:07:54 | | | |
| **PACER Login:** | dz0594 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 8:11-bk-15230-ES Fil or Ent: filed To: 6/21/2011 Doc From: 0 Doc To: 99999999 Term: included Format: html |
| **Billable Pages:** | 3 | **Cost:** | 0.24 |

**EXHIBIT A**                              **000005**

# Exhibit "B"

B1 (Official Form 1) (4/10)

| United States Bankruptcy Court<br>Central District of California | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Parks, Russell Larry** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**Parks, Lisa Carole** |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**AKA Russell Lawrence Parks; AW Russell and Lisa Parks Trust** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**AKA Lisa Carole Bridge-Parks; AW Russel and Lisa Parks Trust; DBA Kidart** |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-5762** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-5718** |
| Street Address of Debtor (No. and Street, City, and State):<br>**204 S. La Esperanza, No. B**<br>**San Clemente, CA**           ZIP Code **92672** | Street Address of Joint Debtor (No. and Street, City, and State):<br>**204 S. LaEsperanza, No. B**<br>**San Clemente, CA**           ZIP Code **92672** |
| County of Residence or of the Principal Place of Business:<br>**Orange** | County of Residence or of the Principal Place of Business:<br>**Orange** |
| Mailing Address of Debtor (if different from street address):<br><br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box) | Nature of Business<br>(Check one box) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) |
|---|---|---|
| ■ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ☐ Chapter 7<br>☐ Chapter 9<br>■ Chapter 11<br>☐ Chapter 12<br>☐ Chapter 13 |
| | **Tax-Exempt Entity**<br>(Check box, if applicable)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding |

| | Nature of Debts<br>(Check one box) | |
|---|---|---|
| | ■ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose." | ☐ Debts are primarily business debts. |

| Filing Fee (Check one box) | Chapter 11 Debtors |
|---|---|
| ■ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>■ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter).*<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

**Statistical/Administrative Information**                                  THIS SPACE IS FOR COURT USE ONLY

■ Debtor estimates that funds will be available for distribution to unsecured creditors.

☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

Estimated Number of Creditors

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |

Estimated Assets

| ☐ | ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

**EXHIBIT B**                                                          000006

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Parks, Russell Larry**<br>**Parks, Lisa Carole** |

**All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet)

| Location<br>Where Filed:  **- None -** | Case Number: | Date Filed: |
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |

**Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet)

| Name of Debtor:<br>**- None -** | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b).<br><br>**X** **/s/ Thomas P. Giordano**          **April 13, 2011**<br>Signature of Attorney for Debtor(s)          (Date)<br>**Thomas P. Giordano 155548** |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.

■ No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

■ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

■ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

**EXHIBIT B**                                                    **000007**

B1 (Official Form 1)(4/10)                                                                     Page 3

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Parks, Russell Larry**<br>**Parks, Lisa Carole** |

Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X **/s/ Russell Larry Parks**
Signature of Debtor **Russell Larry Parks**

X **/s/ Lisa Carole Parks**
Signature of Joint Debtor **Lisa Carole Parks**

Telephone Number (If not represented by attorney)

**April 13, 2011**
Date

### Signature of Attorney*

X **/s/ Thomas P. Giordano**
Signature of Attorney for Debtor(s)

**Thomas P. Giordano 155548**
Printed Name of Attorney for Debtor(s)

**Law Office of Thomas P. Giordano**
Firm Name

**18101 Von Karman Ave**
**Suite 560**
**Irvine, CA 92612**

Address

**tohmahso@aol.com; jjackson@1800fixbank.com**
**(714) 912-7810  Fax: (714) 912-7860**
Telephone Number

**April 13, 2011                    155548**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrutpcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

**EXHIBIT B**                                   **000008**

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
## Central District of California

In re    **Russell Larry Parks**
       **Lisa Carole Parks**                         Case No. _____

                               Debtor(s)      Chapter    **11**

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com             Best Case Bankruptcy

# EXHIBIT B                   000009

B 1D (Official Form 1, Exhibit D) (12/09) - Cont.                                                    Page 2

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*
    ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
    ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);
    ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:  **/s/ Russell Larry Parks**
                      **Russell Larry Parks**

Date:  **April 13, 2011**

**EXHIBIT B**                                                                          **000010**

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
## Central District of California

In re  **Russell Larry Parks**
     **Lisa Carole Parks**

Case No. _____

Chapter    **11** _____

Debtor(s)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com       Best Case Bankruptcy

# EXHIBIT B       000011

B 1D (Official Form 1, Exhibit D) (12/09) - Cont.                                                                    Page 2

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:    **/s/ Lisa Carole Parks**
                        **Lisa Carole Parks**

Date:    **April 13, 2011**

**EXHIBIT B**                                                                                          **000012**

B4 (Official Form 4) (12/07)

# United States Bankruptcy Court
## Central District of California

In re   **Russell Larry Parks**
    **Lisa Carole Parks**

                            Debtor(s)

Case No. _____

Chapter    **11**

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

Following is the list of the debtor's creditors holding the 20 largest unsecured claims. The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 [or chapter 9] case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims. If a minor child is one of the creditors holding the 20 largest unsecured claims, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

| (1)<br><br>*Name of creditor and complete mailing address including zip code* | (2)<br><br>*Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | (3)<br><br>*Nature of claim (trade debt, bank loan, government contract, etc.)* | (4)<br><br>*Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | (5)<br><br>*Amount of claim [if secured, also state value of security]* |
|---|---|---|---|---|
| **American Home Mtg Srv Please call 1-888-237-9280 P.O. Box 619063 Dallas, TX 75261** | **American Home Mtg Srv Please call 1-888-237-9280 P.O. Box 619063 Dallas, TX 75261** | **Triplex- Primary Residency- 204 S. La Esperanza # B, San Clemente, CA 92672 Based on appraisal date March 31, 2011** | **Unliquidated** | **1,337,163.00**<br><br>**(828,000.00 secured)** |
| **Bac Home Loans Services 450 American St Simi Valley, CA 93065** | **Bac Home Loans Services 450 American St Simi Valley, CA 93065** | **Fourplex- Rental - 245 West Avenida Palizada #A-D, San Clemente, CA 92672 Based on appraisal dated March 31, 2011** | **Unliquidated** | **964,224.00**<br><br>**(815,000.00 secured)** |
| **Bac Home Loans Services 450 American St Simi Valley, CA 93065** | **Bac Home Loans Services 450 American St Simi Valley, CA 93065** | **Fourplex- Rental- 143 West Canada San Clemente, CA 92672 Based on Appraisal dated March 31, 2011** | **Unliquidated** | **961,752.00**<br><br>**(860,000.00 secured)** |
| **Bac Home Loans Services 450 American St Simi Valley, CA 93065** | **Bac Home Loans Services 450 American St Simi Valley, CA 93065** | **SFR, 5527 Colewood Street San Antonio, TX 78233 Based on BPO dated March 31, 2011** | **Unliquidated** | **83,250.00**<br><br>**(61,282.00 secured)** |
| **Bank of America Attn: Bankruptcy NC4-105-03-14 P.O. Box 26012 Greensboro, NC 27410** | **Bank of America Attn: Bankruptcy NC4-105-03-14 P.O. Box 26012 Greensboro, NC 27410** | **Credit Card** | **Unliquidated** | **22,257.00** |

# EXHIBIT B                                   000013

B4 (Official Form 4) (12/07) - Cont.

In re    **Russell Larry Parks**
       **Lisa Carole Parks**                              Case No. _____

                             Debtor(s)

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
### (Continuation Sheet)

| (1) Name of creditor and complete mailing address including zip code | (2) Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed, or subject to setoff | (5) Amount of claim [if secured, also state value of security] |
|---|---|---|---|---|
| Bank of America P.O. Box 17054 Wilmington, DE 19850 | Bank of America P.O. Box 17054 Wilmington, DE 19850 | Credit Card | Unliquidated | 13,021.00 |
| Bank of America P.O. Box 17054 Wilmington, DE 19850 | Bank of America P.O. Box 17054 Wilmington, DE 19850 | Credit Card | Unliquidated | 9,649.00 |
| Bank of America Attn: Bankruptcy NC4-105-02-99 P.O. Box 26012 Greensboro, NC 27410 | Bank of America Attn: Bankruptcy NC4-105-02-99 P.O. Box 26012 Greensboro, NC 27410 | Credit Card | Unliquidated | 9,415.00 |
| Bank of America P.O. Box 17054 Wilmington, DE 19850 | Bank of America P.O. Box 17054 Wilmington, DE 19850 | Credit Card | Unliquidated | 25,512.00 |
| Chase P.O. Box 15298 Wilmington, DE 19850 | Chase P.O. Box 15298 Wilmington, DE 19850 | Credit Card | Unliquidated | 23,806.00 |
| Chase P.O. Box 15298 Wilmington, DE 19850 | Chase P.O. Box 15298 Wilmington, DE 19850 | Credit Card | Unliquidated | 22,729.00 |
| Citibank Sd, Na Attn: Centralized Bankruptcy P.O. Box 20507 Kansas City, MO 64195 | Citibank Sd, Na Attn: Centralized Bankruptcy P.O. Box 20507 Kansas City, MO 64195 | Credit Card | Unliquidated | 14,780.00 |
| CitiBusiness Card P.O.Box 6401 The Lakes, NV 88901 | CitiBusiness Card P.O.Box 6401 The Lakes, NV 88901 | Credit Card | Unliquidated | 37,013.16 |
| Discover Financial P.O. Box 6103 Carol Stream, IL 60197 | Discover Financial P.O. Box 6103 Carol Stream, IL 60197 | Credit Card | Unliquidated | 11,027.00 |
| EMC 909 Hidden Ridge, #200 Irving, TX 75038 | EMC 909 Hidden Ridge, #200 Irving, TX 75038 | 136 - 138 1/2 West Mariposa, San Clemente, CA. Debtors have a 25% ownership interest. Debtor's on title and loan. Value based on Zillow.com estimate | Unliquidated | 1,037,000.00 (835,000.00 secured) |

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com           Best Case Bankruptcy

**EXHIBIT B**                            **000014**

B4 (Official Form 4) (12/07) - Cont.

In re **Russell Larry Parks**
**Lisa Carole Parks**
_____
Debtor(s)

Case No. _____

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
### (Continuation Sheet)

| (1)<br><br>*Name of creditor and complete mailing address including zip code* | (2)<br><br>*Name, telephone number and complete mailing address, including zip code, of employee, agent, or department of creditor familiar with claim who may be contacted* | (3)<br><br>*Nature of claim (trade debt, bank loan, government contract, etc.)* | (4)<br><br>*Indicate if claim is contingent, unliquidated, disputed, or subject to setoff* | (5)<br><br>*Amount of claim [if secured, also state value of security]* |
|---|---|---|---|---|
| **Green Tree**<br>**P.O. Box 6172**<br>**Rapid City, SD 57709** | **Green Tree**<br>**P.O. Box 6172**<br>**Rapid City, SD 57709** | **Fourplex- Rental - 245 West Avenida Palizada #A-D, San Clemente, CA 92672**<br>**Based on appraisal dated March 31, 2011** | **Unliquidated** | **65,000.00**<br>**(815,000.00 secured)**<br>**(964,224.00 senior lien)** |
| **Green Tree Servicing L**<br>**PO Box 6172**<br>**Rapid City, SD 57709** | **Green Tree Servicing L**<br>**PO Box 6172**<br>**Rapid City, SD 57709** | **Fourplex- Rental- 143 West Canada San Clemente, CA 92672**<br>**Based on Appraisal dated March 31, 2011** | **Unliquidated** | **63,250.00**<br>**(860,000.00 secured)**<br>**(961,752.00 senior lien)** |
| **Lois & Samuel Montgomery Trust**<br>**24156 Vista D'Oro**<br>**Dana Point, CA 92629** | **Lois & Samuel Montgomery Trust**<br>**24156 Vista D'Oro**<br>**Dana Point, CA 92629** | **Triplex- Primary Residency- 204 S. La Esperanza # B, San Clemente, CA 92672**<br>**Based on appraisal date March 31, 2011** | **Unliquidated** | **100,000.00**<br>**(828,000.00 secured)**<br>**(1,337,163.00 senior lien)** |
| **Mercantile**<br>**PO Box 9016**<br>**Williamsville, NY 14231-9016** | **Mercantile**<br>**PO Box 9016**<br>**Williamsville, NY 14231-9016** | **Credit Card** | **Unliquidated** | **9,500.00** |
| **Midland Credit Management**<br>**P.O. Box 939019**<br>**San Diego, CA 92193** | **Midland Credit Management**<br>**P.O. Box 939019**<br>**San Diego, CA 92193** | **Chase Bank Usa N.A.** | **Unliquidated** | **9,576.00** |

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

# EXHIBIT B

# 000015

B4 (Official Form 4) (12/07) - Cont.

In re   **Russell Larry Parks**
      **Lisa Carole Parks**
_____
               Debtor(s)

Case No. _____

# LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS
## (Continuation Sheet)

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A CORPORATION OR PARTNERSHIP

      We, **Russell Larry Parks** and **Lisa Carole Parks**, the debtors in this case, declare under penalty of perjury that we have read the foregoing list and that it is true and correct to the best of our information and belief.

Date  **April 13, 2011**              Signature   **/s/ Russell Larry Parks**
                                            **Russell Larry Parks**
                                            Debtor

Date  **April 13, 2011**              Signature   **/s/ Lisa Carole Parks**
                                            **Lisa Carole Parks**
                                            Joint Debtor

    *Penalty for making a false statement or concealing property*:  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

# EXHIBIT B
# 000016

# United States Bankruptcy Court
## Central District of California

In re   **Russell Larry Parks,**
       **Lisa Carole Parks**

                                Debtors

Case No. _____

Chapter _____**11**_____

# LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with Rule 1007(a)(3) for filing in this chapter 11 case.

| Name and last known address<br>or place of business of holder | Security<br>Class | Number<br>of Securities | Kind of<br>Interest |
| --- | --- | --- | --- |
| **None** | | | |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

      I, the  of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date___**April 13, 2011**_____

Signature _**/s/ Russell Larry Parks**_____
                 **Russell Larry Parks**
                 Debtor

Date___**April 13, 2011**_____

Signature _**/s/ Lisa Carole Parks**_____
                 **Lisa Carole Parks**
                 Joint Debtor

*Penalty for making a false statement or concealing property*:  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C §§  152 and 3571.

___**0**___ continuation sheets attached to List of Equity Security Holders

**EXHIBIT B**

**000017**

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com

# STATEMENT OF RELATED CASES
## INFORMATION REQUIRED BY LOCAL BANKRUPTCY RULE 1015-2
## UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

1.  A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, his/her spouse, his or her current or former domestic partner, an affiliate of the debtor, any copartnership or joint venture of which debtor is or formerly was a general or limited partner, or member, or any corporation of which the debtor is a director, officer, or person in control, as follows: (Set forth the complete number and title of each such of prior proceeding, date filed, nature thereof, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof.  If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)
    **None**

2.  (If petitioner is a partnership or joint venture) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor or an affiliate of the debtor, or a general partner in the debtor, a relative of the general partner, general partner of, or person in control of the debtor, partnership in which the debtor is a general partner, general partner of the debtor, or person in control of the debtor as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of the proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof.  If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)
    **None**

3.  (If petitioner is a corporation) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, or any of its affiliates or subsidiaries, a director of the debtor, an officer of the debtor, a person in control of the debtor, a partnership in which the debtor is general partner, a general partner of the debtor, a relative of the general partner, director, officer, or person in control of the debtor, or any persons, firms or corporations owning 20% or more of its voting stock as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof.  If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)
    **None**

4.  (If petitioner is an individual) A petition under the Bankruptcy Reform Act of 1978, including amendments thereof, has been filed by or against the debtor within the last 180 days: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof.  If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)
    **None**

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed at    **Irvine**                              , California.

Dated    **April 13, 2011**

/s/ **Russell Larry Parks**
**Russell Larry Parks**
*Debtor*

/s/ **Lisa Carole Parks**
**Lisa Carole Parks**
*Joint Debtor*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*

**EXHIBIT B**

F 1015-2.1

000018

| Name: | **Thomas P. Giordano 155548** | |
|---|---|---|
| Address: | **18101 Von Karman Ave** | |
| | **Suite 560** | |
| | **Irvine, CA 92612** | |
| Telephone: | **(714) 912-7810** | Fax: **(714) 912-7860** |

■ Attorney for Debtor
☐ Debtor in Pro Per

<table>
<tr><td colspan="2" align="center"><b>UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA</b></td></tr>
<tr><td>List all names including trade names, used by Debtor(s) within last 8 years:</td><td>Case No.:</td></tr>
<tr><td><b>Russell Larry Parks<br>Lisa Carole Parks<br>  AKA Russell Lawrence Parks; AW Russell and Lisa Parks Trust<br>  AKA Lisa Carole Bridge-Parks; AW Russel and Lisa Parks Trust; DBA Kidart</b></td><td align="center"><b>NOTICE OF AVAILABLE CHAPTERS</b><br><br>(Notice to Individual Consumer Debtor Under § 342(b) of the Bankruptcy Code)</td></tr>
</table>

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

1.  **Services Available from Credit Counseling Agencies**

    **With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis**. The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies. Each debtor in a joint case must complete the briefing.

    **In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge**. The clerk also has a list of approved financial management instructional courses. Each debtor in a joint case must complete the course.

2.  **The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors**

    **Chapter 7: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total Fee $299)**

    1.  Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.
    2.  Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.
    3.  The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

**EXHIBIT B**                                                          **000019**

4. Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)

1. Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2. Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

3. After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

**3.** **Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials**

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

## Certificate of the Debtor

I (We), the debtor(s), affirm that I (we) have received and read this notice.

| | | |
|---|---|---|
| **Russell Larry Parks** | X **/s/ Russell Larry Parks** | **April 13, 2011** |
| **Lisa Carole Parks** | | |
| Printed Name of Debtor | Signature of Debtor | Date |
| | X **/s/ Lisa Carole Parks** | **April 13, 2011** |
| Case No. (if known) | Signature of Joint Debtor (if any) | Date |

# EXHIBIT B                                                         000020

B6 Summary (Official Form 6 - Summary) (12/07)

# United States Bankruptcy Court
## Central District of California

In re   **Russell Larry Parks,**
        **Lisa Carole Parks**

                               Debtors

Case No. _____

Chapter              **11**

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 3,028,032.00 | | |
| B - Personal Property | Yes | 4 | 43,080.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 3 | | 4,623,287.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 8 | | 239,329.63 | |
| G - Executory Contracts and Unexpired Leases | Yes | 2 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 2 | | | 25,371.00 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 2 | | | 14,019.66 |
| Total Number of Sheets of ALL Schedules | | 25 | | | |
| Total Assets | | | 3,071,112.00 | | |
| Total Liabilities | | | | 4,862,616.63 | |

**EXHIBIT B**

**000021**

Best Case Bankruptcy

Form 6 - Statistical Summary (12/07)

# United States Bankruptcy Court
## Central District of California

In re    **Russell Larry Parks,**
       **Lisa Carole Parks**

Case No. _____

               Debtors

Chapter           **11**

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐   Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | 0.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | 0.00 |
| Student Loan Obligations (from Schedule F) | 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0.00 |
| TOTAL | 0.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | 25,371.00 |
| Average Expenses (from Schedule J, Line 18) | 14,019.66 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | 12,789.97 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | 1,215,005.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | 0.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | 0.00 |
| 4. Total from Schedule F | | 239,329.63 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | 1,454,334.63 |

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com

**EXHIBIT B**

**000022**

Best Case Bankruptcy

B6A (Official Form 6A) (12/07)

In re   **Russell Larry Parks,**                                       Case No. _____
         **Lisa Carole Parks**

                                                ,
                                    Debtors

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **Triplex- Primary Residency- 204 S. La Esperanza # B, San Clemente, CA 92672** <br> **Based on appraisal date March 31, 2011** | **Fee simple** | **J** | **828,000.00** | **1,437,163.00** |
| **Fourplex- Rental- 143 West Canada** <br> **San Clemente, CA 92672** <br> **Based on Appraisal dated March 31, 2011** | **Fee simple** | **J** | **860,000.00** | **1,025,002.00** |
| **Fourplex- Rental - 245 West Avenida Palizada #A-D, San Clemente, CA 92672** <br> **Based on appraisal dated March 31, 2011** | **Fee simple** | **J** | **815,000.00** | **1,029,224.00** |
| **SFR, 5527 Colewood Street** <br> **San Antonio, TX 78233** <br> **Based on BPO dated March 31, 2011** | **Fee simple** | **W** | **61,282.00** | **83,250.00** |
| **139 W. Canada, San Clemente, California.  Debtors own 50% title as Trustees of the Russell Parks and Lisa Parks Trust.  Value based on Zillow.com. Debtors not on loan to this property and derive no income.  Loan with Bank of America $645,299.00.** | **Fractional Interest - 50%** | **J** | **255,000.00** | **0.00** |
| **136 - 138 1/2 West Mariposa, San Clemente, CA. Debtors have a 25% ownership interest. Debtor's on title and loan.  Value based on Zillow.com estimate.** | **Fractional Interest - 25%** | **C** | **208,750.00** | **1,037,000.00** |

|  |  |
|---|---|
| Sub-Total > | **3,028,032.00**    (Total of this page) |
| Total > | **3,028,032.00** |

**0**  continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

B6B (Official Form 6B) (12/07)

In re  **Russell Larry Parks,**                                    Case No. _____
       **Lisa Carole Parks**
                                              ,
                          Debtors

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1. Cash on hand | | **Cash** | **C** | 30.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Personal Checking at Union Bank - 9454** | **C** | 200.00 |
| | | **DBA checking account for Kidart at Union Bank - 1061** | **W** | 100.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **Furniture in Debtors' residence** | **C** | 3,000.00 |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | **Pictures & Books** | **C** | 1,200.00 |
| 6. Wearing apparel. | | **Clothes** | **C** | 1,000.00 |
| 7. Furs and jewelry. | | **Misc. Jewelry, gold ring, diamond ring** | **C** | 2,000.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | **Life Insurance/ Transamerica/ $500k (husband) / Term/ for disclosure only** | **C** | 0.00 |
| | | **Life Insurance/ $250k (wife)/ Term/ AAA/ for disclosure only** | **C** | 0.00 |
| | | **Life Insurance/ Genworth Life/ $250k (wife)/ Term/ for disclosure only** | **C** | 0.00 |
| 10. Annuities. Itemize and name each issuer. | X | | | |

Sub-Total >                7,530.00
(Total of this page)

__3__  continuation sheets attached to the Schedule of Personal Property

**EXHIBIT B**

Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re    **Russell Larry Parks,**
**Lisa Carole Parks**

Case No. _____

_____,
Debtors

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | **Wife's DBA Kidart which provides afterschool art / lessons and summer camp. No inventory or assets to sell.** | W | 0.00 |
| 14. Interests in partnerships or joint ventures. Itemize. | | **50% interest in Joint venture for 139 W. Canada. This property is oversecured. Debtor just on title.** | H | 0.00 |
| | | **25% interest in Joint venture for 136-138 1/2 West Mariposa. Property is oversecured. Debtor on loan and title.** | H | 0.00 |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |

Sub-Total >    **0.00**
(Total of this page)

Sheet __1__ of __3__ continuation sheets attached
to the Schedule of Personal Property

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com

**EXHIBIT B**

**000025**

Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re    **Russell Larry Parks,**                          Case No. _____
            **Lisa Carole Parks**

_____,
                       Debtors

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | | City business license for Debtor's DBA Kidart. | W | 0.00 |
| | | Barber's license issued by California. | H | 0.00 |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2004 Chevy Suburban 1500 62,000 miles | C | 10,000.00 |
| | | 2005 Cadillac CTS 62,024 miles | C | 9,000.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |

                                     Sub-Total >      **19,000.00**
                                   (Total of this page)

Sheet __2__ of __3__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re  **Russell Larry Parks,**
**Lisa Carole Parks**
_____,
                                                    Debtors

Case No. _____

## SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 35. Other personal property of any kind not already listed. Itemize. | | **Security deposits:  204 S. La Espiranza - $2,375.00; 143 W. Canada - $5,875; 245 Aveneda Palizada - $8,350** | **J** | **16,550.00** |

Sub-Total >     **16,550.00**
(Total of this page)

Total >     **43,080.00**

Sheet  __3__  of  __3__  continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

**EXHIBIT B**

**000027**

B6C (Official Form 6C) (4/10)

.

In re  **Russell Larry Parks,**                                    Case No. _____
       **Lisa Carole Parks**
                                                    ,
                          Debtors

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:          ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)                                                            $146,450. *(Amount subject to adjustment on 4/1/13, and every three years thereafter*
☐ 11 U.S.C. §522(b)(2)                                                     *with respect to cases commenced on or after the date of adjustment.)*
■ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Cash on Hand** | | | |
| **Cash** | **C.C.P. § 703.140(b)(5)** | **30.00** | **30.00** |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| **Personal Checking at Union Bank - 9454** | **C.C.P. § 703.140(b)(5)** | **200.00** | **200.00** |
| **DBA checking account for Kidart at Union Bank - 1061** | **C.C.P. § 703.140(b)(5)** | **100.00** | **100.00** |
| **Household Goods and Furnishings** | | | |
| **Furniture in Debtors' residence** | **C.C.P. § 703.140(b)(3)** | **3,000.00** | **3,000.00** |
| **Books, Pictures and Other Art Objects; Collectibles** | | | |
| **Pictures & Books** | **C.C.P. § 703.140(b)(5)** | **1,200.00** | **1,200.00** |
| **Wearing Apparel** | | | |
| **Clothes** | **C.C.P. § 703.140(b)(3)** | **1,000.00** | **1,000.00** |
| **Furs and Jewelry** | | | |
| **Misc. Jewelry, gold ring, diamond ring** | **C.C.P. § 703.140(b)(4)** | **1,425.00** | **2,000.00** |
| | **C.C.P. § 703.140(b)(5)** | **575.00** | |
| **Interests in Insurance Policies** | | | |
| **Life Insurance/ Transamerica/ $500k (husband) / Term/ for disclosure only** | **C.C.P. § 703.140(b)(7)** | **0.00** | **0.00** |
| **Life Insurance/ $250k (wife)/ Term/ AAA/ for disclosure only** | **C.C.P. § 703.140(b)(7)** | **0.00** | **0.00** |
| **Life Insurance/ Genworth Life/ $250k (wife)/ Term/ for disclosure only** | **C.C.P. § 703.140(b)(7)** | **0.00** | **0.00** |
| **Stock and Interests in Businesses** | | | |
| **Wife's DBA Kidart which provides afterschool art / lessons and summer camp.  No inventory or assets to sell.** | **C.C.P. § 703.140(b)(5)** | **3,500.00** | **0.00** |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| **2004 Chevy Suburban 1500** | **C.C.P. § 703.140(b)(2)** | **3,525.00** | **10,000.00** |
| **62,000 miles** | **C.C.P. § 703.140(b)(5)** | **6,475.00** | |
| **2005 Cadillac CTS** | **C.C.P. § 703.140(b)(5)** | **0.00** | **9,000.00** |
| **62,024 miles** | | | |
| **Other Personal Property of Any Kind Not Already Listed** | | | |
| **Security deposits:  204 S. La Espiranza - $2,375.00; 143 W. Canada - $5,875; 245 Aveneda Palizada - $8,350** | **C.C.P. § 703.140(b)(5)** | **11,170.00** | **16,550.00** |

|  | Total: | **32,200.00** | **43,080.00** |
|---|---|---|---|

  **0**   continuation sheets attached to Schedule of Property Claimed as Exempt

**EXHIBIT B**

**000028**

B6D (Official Form 6D) (12/07)

In re **Russell Larry Parks,**  
    **Lisa Carole Parks**

Case No. _____

_____,
                   Debtors

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. **xxxxxx1308**<br><br>**American Home Mtg Srv**<br>**Please call 1-888-237-9280**<br>**P.O. Box 619063**<br>**Dallas, TX 75261** | | W | **10/01/06**<br><br>**1st Mortgage**<br><br>**Triplex- Primary Residency- 204 S. La Esperanza # B, San Clemente, CA 92672**<br>**Based on appraisal date March 31, 2011** | | X | | | |
| | | | Value $        **828,000.00** | | | | **1,337,163.00** | **509,163.00** |
| Account No. **xxxxx7851**<br><br>**Bac Home Loans Services**<br>**450 American St**<br>**Simi Valley, CA 93065** | | W | **1/01/07**<br><br>**1st Mortgage**<br><br>**Fourplex- Rental - 245 West Avenida Palizada #A-D, San Clemente, CA 92672**<br>**Based on appraisal dated March 31, 2011** | | X | | | |
| | | | Value $        **815,000.00** | | | | **964,224.00** | **149,224.00** |
| Account No. **TS # 10-0158642**<br><br>**Recontrust Company**<br>**1800 Tapo Canyon Road.,**<br>**CA6-914-01-94**<br>**Simi Valley, CA 93063** | | | **Representing:**<br>**Bac Home Loans Services** | | | | **Notice Only** | |
| | | | Value $ | | | | | |
| Account No. **xxxxx7102**<br><br>**Bac Home Loans Services**<br>**450 American St**<br>**Simi Valley, CA 93065** | | W | **11/01/06**<br><br>**1st Mortgage**<br><br>**Fourplex- Rental- 143 West Canada San Clemente, CA 92672**<br>**Based on Appraisal dated March 31, 2011** | | X | | | |
| | | | Value $        **860,000.00** | | | | **961,752.00** | **101,752.00** |

  **2**   continuation sheets attached

Subtotal  
(Total of this page)    **3,263,139.00**    **760,139.00**

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com

**EXHIBIT B**

**000029**

Best Case Bankruptcy

B6D (Official Form 6D) (12/07) - Cont.

In re  **Russell Larry Parks,**
    **Lisa Carole Parks,**
                               ,
           Debtors

Case No. _____

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | Husband, Wife, Joint, or Community H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. xxxxx0929<br><br>Bac Home Loans Services<br>450 American St<br>Simi Valley, CA 93065 | | W | 2/01/06<br>1st Mortgage<br>SFR, 5527 Colewood Street<br>San Antonio, TX 78233<br>Based on BPO dated March 31, 2011<br>Value $ 61,282.00 | | | X | 83,250.00 | 21,968.00 |
| Account No. 8299<br><br>EMC<br>909 Hidden Ridge, #200<br>Irving, TX 75038 | X | H | May 15, 2007<br>1st Mortgage<br>136 - 138 1/2 West Mariposa, San Clemente, CA. Debtors have a 25% ownership interest. Debtor's on title and loan. Value based on Zillow.com estimate.<br>Value $ 835,000.00 | | | X | 1,037,000.00 | 202,000.00 |
| Account No. xxxxx1622<br><br>Green Tree<br>P.O. Box 6172<br>Rapid City, SD 57709 | | W | 2011<br>2nd Mortgage<br>Fourplex- Rental - 245 West Avenida Palizada #A-D, San Clemente, CA 92672<br>Based on appraisal dated March 31, 2011<br>Value $ 815,000.00 | | | X | 65,000.00 | 65,000.00 |
| Account No. 156767859<br><br>Bank of America<br>P. O. Box 17054<br>Wilmington, DE 19850 | | | Representing:<br>Green Tree<br><br>Value $ | | | | Notice Only | |
| Account No. 1135<br><br>Green Tree Servicing L<br>PO Box 6172<br>Rapid City, SD 57709 | | W | 2007<br>2nd Mortgage<br>Fourplex- Rental- 143 West Canada San Clemente, CA 92672<br>Based on Appraisal dated March 31, 2011<br>Value $ 860,000.00 | | | X | 63,250.00 | 63,250.00 |

Sheet  1  of  2  continuation sheets attached to
Schedule of Creditors Holding Secured Claims

Subtotal
(Total of this page)

1,248,500.00 | 352,218.00

**EXHIBIT B**

**000030**

Best Case Bankruptcy

B6D (Official Form 6D) (12/07) - Cont.

In re  **Russell Larry Parks,**
      **Lisa Carole Parks**

Case No. _____

_____,
Debtors

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | | |
| Account No. **154447086** <br><br> **Green Tree** <br> **P.O. Box 6172** <br> **Rapid City, SD 57709** | | | | Representing: <br> **Green Tree Servicing L** <br><br> Value $ | | | | **Notice Only** | |
| Account No. **xxxxxx # xx-xxx81-DR** <br><br> **Lois & Samuel Montgomery Trust** <br> **24156 Vista D'Oro** <br> **Dana Point, CA 92629** | | J | | **2007** <br><br> **2nd Mortgage** <br><br> **Triplex- Primary Residency- 204 S. La Esperanza # B, San Clemente, CA 92672 Based on appraisal date March 31, 2011** <br> Value $    **828,000.00** | | X | | **100,000.00** | **100,000.00** |
| Account No. **xxxxx9741** <br><br> **US Bank** <br> **425 Walnut St** <br> **Cincinnati, OH 45202** | | W | | **7/01/08** <br><br> **Auto Loan** <br><br> **2005 Cadillac CTS** <br> **62,024 miles** <br> Value $    **9,000.00** | | X | | **11,648.00** | **2,648.00** |
| Account No. <br><br><br><br> | | | | <br><br><br><br> Value $ | | | | | |
| Account No. <br><br><br><br> | | | | <br><br><br><br> Value $ | | | | | |

Sheet  **2**  of  **2**  continuation sheets attached to
Schedule of Creditors Holding Secured Claims

| | Subtotal (Total of this page) | **111,648.00** | **102,648.00** |
|---|---|---|---|
| | Total (Report on Summary of Schedules) | **4,623,287.00** | **1,215,005.00** |

**EXHIBIT B**

**000031**

B6E (Official Form 6E) (4/10)

In re **Russell Larry Parks,**                                Case No. _____

       **Lisa Carole Parks,**

                                   ,
Debtors

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

    A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

    The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

    If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

    Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

    Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

    Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

    Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

    Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

    Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

    Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

    Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

    Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**

    Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

    Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

    Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*\* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

0 continuation sheets attached

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                                    Best Case Bankruptcy

**EXHIBIT B**

**000032**



B6F (Official Form 6F) (12/07)

In re      **Russell Larry Parks,**                                    Case No. _____
           **Lisa Carole Parks**

                                                            ,
                              Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the
debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the
trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's
parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not
include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate
schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be
liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the
claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of
Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | | |
| Account No. xxxx xxxx xxx1000 **American Express c/o Becket and Lee LLP Box 0001 Los Angeles, CA 90096** | | W | | | 11/25/00 Credit Card | | X | | 2,594.00 |
| Account No. 18407616 **First Source Advantage P.O.Box 628 Buffalo, NY 14240** | | | | | Representing: American Express | | | | Notice Only |
| Account No. xxxx xxxx xxxx 9912 **Bank of America P.O. Box 17054 Wilmington, DE 19850** | | W | | | 7/01/07 Credit Card | | X | | 25,512.00 |
| Account No. case # 30-2010 00429700 **Blier & Cox LLP 16130 Ventura Blvd., Suite 620 Encino, CA 94136** | | | | | Representing: Bank of America | | | | Notice Only |

___7___   continuation sheets attached

|  | Subtotal (Total of this page) | 28,106.00 |
|---|---|---|

**EXHIBIT B**                                    **000033**

B6F (Official Form 6F) (12/07) - Cont.

In re **Russell Larry Parks,**
    **Lisa Carole Parks**
                                                                          Case No. _____

_____,
                            Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxx xxxx xxxx 1459**<br><br>**Bank of America**<br>**Attn: Bankruptcy NC4-105-03-14**<br>**P.O. Box 26012**<br>**Greensboro, NC 27410** | | W | 8/01/04<br>**Credit Card** | | | X | 22,257.00 |
| Account No. **case # 30-2010 00356011**<br><br>**The Brachfeld Law Group**<br>**880 Apollo Street # 155**<br>**El Segundo, CA 90245** | | | Representing:<br>**Bank of America** | | | | Notice Only |
| Account No. **xxxx xxxx xxxx 8963**<br><br>**Bank of America**<br>**P.O. Box 17054**<br>**Wilmington, DE 19850** | | H | 7/01/07<br>**Credit Card** | | | X | 13,021.00 |
| Account No. **4147 3410 1844 8963**<br><br>**The Brachfeld Law Group**<br>**880 Apollo Street # 155**<br>**El Segundo, CA 90245** | | | Representing:<br>**Bank of America** | | | | Notice Only |
| Account No. **xxxx xxxx xxxx 0706**<br><br>**Bank of America**<br>**P.O. Box 17054**<br>**Wilmington, DE 19850** | | H | 12/01/07<br>**Credit Card** | | | X | 9,649.00 |

Sheet no. __1__ of __7__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

44,927.00

B6F (Official Form 6F) (12/07) - Cont.

In re **Russell Larry Parks,**　　　　　　　　　　　　　　Case No. _____
　　　　**Lisa Carole Parks**

　　　　　　　　　　　　　　　　　　　　　　　　　　　,
　　　　　　　　　　　　　　　　Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
| | | H | W J C | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Account No. **case # 30-2010 00353916**<br><br>**The Brachfeld Law Group**<br>**880 Apollo Street # 155**<br>**El Segundo, CA 90245** | | | | | Representing:<br>**Bank of America** | | | | **Notice Only** |
| Account No. **xxxx xxxx xxxx 0286**<br><br>**Bank of America**<br>**Attn: Bankruptcy NC4-105-02-99**<br>**P.O. Box 26012**<br>**Greensboro, NC 27410** | | H | | | 8/01/08<br>**Credit Card** | | X | | **9,415.00** |
| Account No. **5474 8700 2060 0286**<br><br>**Financial Group, LLC**<br>**P.O.Box 440290**<br>**Aurora, CO 80044** | | | | | Representing:<br>**Bank of America** | | | | **Notice Only** |
| Account No. **xxxx xxxx xxxx 1374**<br><br>**Capital One, N.a.**<br>**Bankruptcy Dept**<br>**P.O. Box 5155**<br>**Norcross, GA 30091** | | H | | | 4/01/97<br>**Credit Card** | | X | | **4,212.00** |
| Account No. **5291 0714 0836 1374**<br><br>**IRL Law Offices**<br>**P.O.Box 84060**<br>**San Diego, CA 92138** | | | | | Representing:<br>**Capital One, N.a.** | | | | **Notice Only** |

Sheet no. __**2**___ of __**7**___ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**13,627.00**

**EXHIBIT B**　　　　　　　　　　　　　　　**000035**

Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re **Russell Larry Parks,**
**Lisa Carole Parks**

Case No. _____

_____,
Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxx xxxx xxxx 1739**<br><br>Chase<br>P.O. Box 15298<br>Wilmington, DE 19850 | | W | **9/01/01**<br>**Credit Card** | | | X | 23,806.00 |
| Account No. **case # 30-201000385364**<br><br>Blier & Cox LLP<br>16130 Ventura Blvd., Suite 620<br>Encino, CA 94136 | | | Representing:<br>Chase | | | | Notice Only |
| Account No. **xxxx xxxx xxxx 4069**<br><br>Chase<br>P.O. Box 15298<br>Wilmington, DE 19850 | | W | **10/01/99**<br>**Credit Card** | | | X | 22,729.00 |
| Account No. **case # 30-201000385364**<br><br>Blier & Cox LLP<br>16130 Ventura Blvd., Suite 620<br>Encino, CA 94136 | | | Representing:<br>Chase | | | | Notice Only |
| Account No. **xxxx xxxx xxxx 6296**<br><br>Chase<br>P.O. Box 15298<br>Wilmington, DE 19850 | | W | **9/01/02**<br>**Credit Card** | | | X | 8,268.00 |

Sheet no. **3** of **7** sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

54,803.00

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com

**EXHIBIT B**

000036

Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re **Russell Larry Parks,**
 **Lisa Carole Parks**

Case No. _____

_____,
Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | | | | | | |
| Account No. **4185 5567 2900 6296** | | | | | | | | |
| **Law Offices of Patenaude & Felix**<br>**4545 Murphy Canyon Road**<br>**San Diego, CA 92123** | | | | Representing:<br>Chase | | | | **Notice Only** |
| Account No. **xxxx xxxx xxxx 2407** | | | | 2010<br>Credit Cards | | | | |
| **Chase**<br>**P. O. box 15298**<br>**Wilmington, DE 19850** | | H | | | | X | | **9,226.47** |
| Account No. **5418 2271 4067 2407** | | | | | | | | |
| **MCM**<br>**Dept. 12421**<br>**P. O. Box 603**<br>**Oaks, PA 19456** | | | | Representing:<br>Chase | | | | **Notice Only** |
| Account No. **xxxx xxxx xxxx 3076** | | | | 11/01/08<br>Credit Card | | | | |
| **CITI**<br>**PO BOX 6000**<br>**The Lakes, NV 89163-6000** | | H | | | | X | | **3,656.00** |
| Account No. **5256 5022 5138 3076** | | | | | | | | |
| **Prsm/cbsd**<br>**P.O. Box 6497**<br>**Sioux Falls, SD 57117** | | | | Representing:<br>CITI | | | | **Notice Only** |

Sheet no. __4__ of __7__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**12,882.47**

**EXHIBIT B**

**000037**

B6F (Official Form 6F) (12/07) - Cont.

In re  **Russell Larry Parks,**
      **Lisa Carole Parks**
<br>_____,
                   Debtors

Case No. _____

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxx xxxx xxxx 1192**<br><br>**Citibank Sd, Na**<br>**Attn: Centralized Bankruptcy**<br>**P.O. Box 20507**<br>**Kansas City, MO 64195** | | H | **6/01/05**<br>**Credit Card** | | X | | 14,780.00 |
| Account No. **5424 1807 6359 1192**<br><br>**Hunt & Henriques, Attorneys at Law**<br>**151 Bernal Road #8**<br>**San Jose, CA 95119** | | | **Representing:**<br>**Citibank Sd, Na** | | | | Notice Only |
| Account No. **xxxx xxxx xxxx 8487**<br><br>**CitiBusiness Card**<br>**P.O.Box 6401**<br>**The Lakes, NV 88901** | | H | **2010**<br>**Credit Card** | | X | | 37,013.16 |
| Account No. **xxxx xxxx xxxx 1162**<br><br>**Discover Financial**<br>**P.O. Box 6103**<br>**Carol Stream, IL 60197** | | W | **6/01/95**<br>**Credit Card** | | X | | 11,027.00 |
| Account No. **case # 30-2010 00413283**<br><br>**Bishop, White, Marshall & Weibel**<br>**901 Sunvalley Boulevard Suite 220**<br>**Concord, CA 94520** | | | **Representing:**<br>**Discover Financial** | | | | Notice Only |

Sheet no. __5__ of __7__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page) | **62,820.16**

**EXHIBIT B**

000038

Best Case Bankruptcy

B6F (Official Form 6F) (12/07) - Cont.

In re **Russell Larry Parks,**
       **Lisa Carole Parks**

Case No. _____

_____,
Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **0286** <br><br> **Mercantile** <br> **PO Box 9016** <br> **Williamsville, NY 14231-9016** | | J | **1/2009** <br> **Credit Card** | | X | | 9,500.00 |
| Account No. **xxxxxx4310** <br><br> **Midland Credit Management** <br> **P.O. Box 939019** <br> **San Diego, CA 92193** | | H | **3/01/10** <br> **Chase Bank Usa  N.A.** | | X | | 9,576.00 |
| Account No. **xxxx0890** <br><br> **Progressive Mgmt Syste** <br> **1521 W Cameron Ave Fl 1** <br> **West Covina, CA 91790** | | H | **11/01/10** <br> **Saddleback Memorial Medical Ce** | | X | | 2,457.00 |
| Account No. **064448673** <br><br> **Memorial Medical Center** <br> **P.O. Box 20894** <br> **Fountain Valley, CA 92728** | | | **Representing:** <br> **Progressive Mgmt Syste** | | | | Notice Only |
| Account No. **xxxx xxxx xxxx 7471** <br><br> **Sears/cbsd** <br> **P.O. Box 6189** <br> **Sioux Falls, SD 57117** | | W | **6/01/98** <br> **Credit Card** | | X | | 631.00 |

Sheet no. _**6**_ of _**7**_ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

22,164.00

**EXHIBIT B**

000039

B6F (Official Form 6F) (12/07) - Cont.

In re  **Russell Larry Parks,**          Case No. _____
       **Lisa Carole Parks**

_____,
Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. **5121 0718 0266 7471**<br><br>**Financial Recovery Services, Inc**<br>**Dept 813**<br>**P.O. Box 4115**<br>**Concord, CA 94524** | | | | Representing:<br>Sears/cbsd | | | | **Notice Only** |
| Account No. **5121 0718 0266 7471**<br><br>**Lvnv Funding Llc**<br>**P.O. Box 740281**<br>**Houston, TX 77274** | | | | Representing:<br>Sears/cbsd | | | | **Notice Only** |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |

Sheet no. __7___ of __7___ sheets attached to Schedule of       Subtotal       | **0.00**
Creditors Holding Unsecured Nonpriority Claims                   (Total of this page)

                                                                 Total
                                                                 (Report on Summary of Schedules)    | **239,329.63**

**EXHIBIT B**

000040

B6G (Official Form 6G) (12/07)

In re    **Russell Larry Parks,**                           Case No. _____
        **Lisa Carole Parks**

_____,
Debtors

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property.  Include any timeshare interests.  State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc.  State whether debtor is the lessor or lessee of a lease.  Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **American Home Mtg Srv**<br>**Please call 1-888-237-9280**<br>**P.O. Box 619063**<br>**Dallas, TX 75261** | **Triplex- Primary Residency- 204 S. La Esperanza #**<br>**B, San Clemente, CA 92672- First Mortgage** |
| **Bac Home Loans Services**<br>**450 American St**<br>**Simi Valley, CA 93065** | **Fourplex- Rental- 143 West Canada, San**<br>**Clemente, CA 92672- First Mortgage** |
| **Bac Home Loans Services**<br>**450 American St**<br>**Simi Valley, CA 93065** | **Fourplex- Rental - 245 West Avenida Palazada**<br>**#A-D, San Clemente, CA 92672- First Mortgage** |
| **Bac Home Loans Services**<br>**450 American St**<br>**Simi Valley, CA 93065** | **SFR, 5527 Colewood Street, San Antonio, TX**<br>**78233- First Mortgage** |
| **Bank of America**<br>**P.O. Box 5170**<br>**Simi Valley, CA 93062** | **Fourplex- Rental- 143 West Canada, San**<br>**Clemente, CA 92672- 2nd Mortgage** |
| **Briann Scott / Chad Pohle**<br>**143 W. Canada**<br>**#A**<br>**San Clemente, CA 92672** | **Lease for unit #A until 9/30/2011** |
| **Elisabeth Janis / Richard Thompson**<br>**245 Aveneda Palizada**<br>**#A**<br>**San Clemente, CA 92672** | **Month to month rental of #A 245 Aveneda**<br>**Palizada.** |
| **Green Tree**<br>**P.O. Box 6172**<br>**Rapid City, SD 57709** | **Fourplex- Rental - 245 West Avenida Palazada**<br>**#A-D, San Clemente, CA 92672- 2nd Mortgage** |
| **Heather Parks**<br>**5527 Colewood**<br>**San Antonio, TX 78223** | |
| **Karl & Jeanne Jirone**<br>**245 Avenida Palizada**<br>**#C**<br>**San Clemente, CA 92672** | **Month to month rental of #C 245 Avenida Palizada** |

1

_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

**EXHIBIT B**

**000041**

In re   **Russell Larry Parks,**                                        Case No. _____
       **Lisa Carole Parks**

                                     ,
                         Debtors

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES
### (Continuation Sheet)

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **Keiko Fieta**<br>**245 Avenida Palizada**<br>**#D**<br>**San Clemente, CA 92672** | **Lease for #D ending 9/30/2011** |
| **Lamp Gary**<br>**204 S. La Espiranza**<br>**#C**<br>**San Clemente, CA 92672** | **Month to month rental of unit C of 204 S. La Espiranza.** |
| **Lisa Guzman**<br>**143 W. Canada**<br>**#D**<br>**San Clemente, CA 92672** | **Month to month rental of #D 143 W. Canada** |
| **Lois & Samuel Montgomery Trust**<br>**24156 Vista D'Oro**<br>**Dana Point, CA 92629** | **Triplex- Primary Residency- 204 S. La Esperanza # B, San Clemente, CA 92672- Second Mortgage** |
| **Marshal / Morrell / Clarke**<br>**204 S. La Espiranza**<br>**#A**<br>**San Clemente, CA 92672** | **Month to month room rental agreements for #A 204 S. La Espiranza.** |
| **Sophia Donahue / Darin Corralez**<br>**143 W. Canada**<br>**#C**<br>**San Clemente, CA 92672** | **Month to month rental of #C 143 W. Canada** |
| **Tony & Alicia Bautista**<br>**245 Avenida Palizada**<br>**#B**<br>**San Clemente, CA 92672** | **Month to month rental of #B 245 Avenida Palizada** |
| **US Bank**<br>**425 Walnut St**<br>**Cincinnati, OH 45202** | **2005 Cadillac CTS, 62,024 miles- Auto Lien** |
| **William Burrows**<br>**143 W. Canada**<br>**#C**<br>**San Clemente, CA 92672** | **Lease for #C until August 1, 2011** |

Sheet  **1**  of  **1**  continuation sheets attached to the Schedule of Executory Contracts and Unexpired Leases

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com

**EXHIBIT B**               **000042**

Best Case Bankruptcy

B6H (Official Form 6H) (12/07)

In re **Russell Larry Parks,**                                Case No. _____
      **Lisa Carole Parks**

                                            Debtors

# SCHEDULE H - CODEBTORS

    Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐  Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **Vickie & Mark Kruhmin**<br>**221 Via Ballena**<br>**San Clemente, CA 92672** | **EMC**<br>**909 Hidden Ridge, #200**<br>**Irving, TX 75038** |

**0**

_____ continuation sheets attached to Schedule of Codebtors

**EXHIBIT B**

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com

**000043**

Best Case Bankruptcy

B6I (Official Form 6I) (12/07)

In re    **Russell Larry Parks**
     **Lisa Carole Parks**      Case No. _____
           Debtor(s)

## SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Married** | RELATIONSHIP(S): **None.** | AGE(S): |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Hair Stylist** | **Art Teacher** |
| Name of Employer | **Champions Salon** | **Kid Art** |
| How long employed | **20 Years** | **15 Years** |
| Address of Employer | **22722 Centre Dr # B**<br>**Lake Forest, CA 92630** | **204 S. La Esperanza #B**<br>**San Clemente, CA 92672** |

| INCOME: (Estimate of average or projected monthly income at time case filed) | | DEBTOR | | SPOUSE |
|---|---|---:|---|---:|
| 1. Monthly gross wages, salary, and commissions  (Prorate if not paid monthly) | $ | 0.00 | $ | 0.00 |
| 2. Estimate monthly overtime | $ | 0.00 | $ | 0.00 |
| 3. SUBTOTAL | $ | 0.00 | $ | 0.00 |
| 4. LESS PAYROLL DEDUCTIONS | | | | |
|    a.  Payroll taxes and social security | $ | 0.00 | $ | 0.00 |
|    b.  Insurance | $ | 0.00 | $ | 0.00 |
|    c.  Union dues | $ | 0.00 | $ | 0.00 |
|    d.  Other (Specify): | $ | 0.00 | $ | 0.00 |
| | $ | 0.00 | $ | 0.00 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ | 0.00 | $ | 0.00 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ | 0.00 | $ | 0.00 |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ | 1,273.00 | $ | 5,619.00 |
| 8. Income from real property | $ | 0.00 | $ | 0.00 |
| 9. Interest and dividends | $ | 0.00 | $ | 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of<br>     dependents listed above | $ | 0.00 | $ | 0.00 |
| 11. Social security or government assistance<br>(Specify):    **Social Security** | $ | 904.00 | $ | 0.00 |
| | $ | 0.00 | $ | 0.00 |
| 12. Pension or retirement income | $ | 0.00 | $ | 0.00 |
| 13. Other monthly income<br>(Specify):    **See Detailed Income Attachment** | $ | 0.00 | $ | 17,575.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ | 2,177.00 | $ | 23,194.00 |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ | 2,177.00 | $ | 23,194.00 |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | | | $ | 25,371.00 |

(Report also on Summary of Schedules and, if applicable, on
Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

## EXHIBIT B                 000044

**B6I (Official Form 6I) (12/07)**

In re   **Russell Larry Parks**
  **Lisa Carole Parks**        Case No. _____

Debtor(s)

<h2 align="center"><u>SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)</u><br>Detailed Income Attachment</h2>

**Other Monthly Income:**

| | | |
|---|---|---|
| 204 S. La Esperanza | $ 0.00 | $ 4,300.00 |
| 245 Palizada | $ 0.00 | $ 6,275.00 |
| 143 Avenida La Canada | $ 0.00 | $ 6,250.00 |
| 5527 Colewood Street | $ 0.00 | $ 750.00 |
| **Total Other Monthly Income** | $ 0.00 | $ 17,575.00 |

<b>EXHIBIT B</b>      000045

B6J (Official Form 6J) (12/07)

In re  **Russell Larry Parks**
       **Lisa Carole Parks**                                              Case No.
                          Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐  Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 6,495.24 |
|    a. Are real estate taxes included?    Yes __X__   No ____ | | |
|    b. Is property insurance included?    Yes __X__   No ____ | | |
| 2. Utilities:    a. Electricity and heating fuel | $ | 0.00 |
|             b. Water and sewer | $ | 0.00 |
|             c. Telephone | $ | 0.00 |
|             d. Other | $ | 0.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 65.00 |
| 4. Food | $ | 600.00 |
| 5. Clothing | $ | 125.00 |
| 6. Laundry and dry cleaning | $ | 45.00 |
| 7. Medical and dental expenses | $ | 120.00 |
| 8. Transportation (not including car payments) | $ | 800.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 0.00 |
| 10. Charitable contributions | $ | 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|             a. Homeowner's or renter's | $ | 0.00 |
|             b. Life | $ | 189.00 |
|             c. Health | $ | 873.00 |
|             d. Auto | $ | 130.00 |
|             e. Other | $ | 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
|     (Specify)   **Estimated Taxes on income not deducted  / monthl** | $ | 170.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|             a. Auto | $ | 422.42 |
|             b. Other | $ | 0.00 |
|             c. Other | $ | 0.00 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other   **See Detailed Expense Attachment** | $ | 3,985.00 |

| | | |
|---|---|---:|
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $ | 14,019.66 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---:|
| a.  Average monthly income from Line 15 of Schedule I | $ | 25,371.00 |
| b.  Average monthly expenses from Line 18 above | $ | 14,019.66 |
| c.  Monthly net income (a. minus b.) | $ | 11,351.34 |

**EXHIBIT B**

000046

**B6J (Official Form 6J) (12/07)**

In re   **Russell Larry Parks**
      **Lisa Carole Parks**
                   Debtor(s)                      Case No. _____

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
### Detailed Expense Attachment

**Other Expenditures:**

| | |
|---|---:|
| 204 S. La Esperanza maintenance expenses | $ 115.00 |
| 204 S. La Esperanza Utilities | $ 880.00 |
| 245 Avenida Palizada maintenance expenses | $ 73.00 |
| 245 Avenida Palizada Utilities | $ 220.00 |
| 143 W. Canada maintenance expenses | $ 120.00 |
| 143 W. Canada Utilities | $ 217.00 |
| Kidart business expenses | $ 1,100.00 |
| Debtor Husbands expenses for hair stylist | $ 1,260.00 |
| **Total Other Expenditures** | **$ 3,985.00** |

**EXHIBIT B**                        **000047**

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
## Central District of California

In re   **Russell Larry Parks**
      **Lisa Carole Parks**

                                                              Debtor(s)

Case No.

Chapter    **11**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

      I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of   **27**
sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date   **April 13, 2011**          Signature   **/s/ Russell Larry Parks**
                                                         **Russell Larry Parks**
                                                        Debtor

Date   **April 13, 2011**          Signature   **/s/ Lisa Carole Parks**
                                                          **Lisa Carole Parks**
                                                        Joint Debtor

*Penalty for making a false statement or concealing property:*  Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§  152 and 3571.

# EXHIBIT B                              000048

B7 (Official Form 7) (04/10)

# United States Bankruptcy Court
## Central District of California

In re    **Russell Larry Parks**
       **Lisa Carole Parks**

Case No.

Debtor(s)

Chapter    **11**

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### *DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
| --- | --- |
| **$74,901.00** | **2009 Gross Joint Income** |
| **$86,998.00** | **2010 Gross Joint Income** |
| **$22,941.00** | **2011 YTD Gross Joint Incom** |

**EXHIBIT B**

**000049**

**2. Income other than from employment or operation of business**

None
☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$203,549.00** | **2009 Gross Rental Income** |
| **$210,900.00** | **2010 Gross Rental Income** |
| **$52,725.00** | **2011 YTD Gross Rental Income** |

**3. Payments to creditors**

None
☐

*Complete a. or b., as appropriate, and c.*

a.    *Individual or joint debtor(s) with primarily consumer debts.*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| **Bac Home Loans Services**<br>**450 American St**<br>**Simi Valley, CA 93065** | **last 90 days** | **$1,911.00** | **$83,250.00** |
| **US Bank**<br>**425 Walnut St**<br>**Cincinnati, OH 45202** | **last 90 days** | **$1,281.00** | **$11,648.00** |

None
■

b.    *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*.  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None
■

c.    *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

**EXHIBIT B**                                                **000050**

#### 4. Suits and administrative proceedings, executions, garnishments and attachments

None   a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of
☐   this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses
whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **FIA v Parks**<br>**case # 30-2010 00353916** | **Civil** | **Superior Court of Orange, Justice Center**<br>**23141 Moulten Parkway 2nd Floor**<br>**Laguna Hills, CA 92653** | **Judgment** |
| **FIA v Parks**<br>**case # 30-2010 00356011** | **Civil** | **Superior Court of County of Orange, Justice Center**<br>**23141 Moulten  Parkway 2nd Floor**<br>**Laguna Hills, CA 92653** | **Judgment** |
| **FIA v Parks**<br>**case # 30-2010 00429700** | **Civil** | **Superior Court of California**<br>**700 Civic Center Drive West**<br>**Santa Ana. CA 92701** | **Judgment** |
| **Chase v Bridge**<br>**case # 30-201000385364** | **Civil** | **Superior Court of California , County of Orange**<br>**700 Civic Center Drive West**<br>**Santa Ana, CA 92701** | **Judgment** |
| **Discover v Parks**<br>**case # 30-2010 00413283** | **Civil** | **Superior Court of Calfornia, County of Orange**<br>**23141 Moulton Parkway**<br>**Laguna Hills, CA 92653** | **Judgment** |

None   b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately
■   preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning
property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not
filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

#### 5. Repossessions, foreclosures and returns

None   List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or
■   returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12
or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the
spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

#### 6. Assignments and receiverships

None   a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of
■   this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a
joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

**EXHIBIT B**        **000051**

None
■   b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- | --- |

### 7. Gifts

None
■   List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |

### 8. Losses

None
■   List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

### 9. Payments related to debt counseling or bankruptcy

None
☐   List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |
| **Thomas P. Giordano<br>18101 Von Karman<br>Suite 560<br>Irvine, CA 92612** | **August 2010** | **$28,000.00** |

### 10. Other transfers

None
☐   a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
| --- | --- | --- |
| **Martin Samuel B Living Trust<br>201 S. La Esperanza<br>San Clemente, CA 92672<br>None** | **9/18/2009** | **SFR S. La Esperanza - Short sale - no funds received by Debtors.** |
| **Charles and Greta marler<br>30304 Skippers Way Drive<br>Sun City, CA 92587<br>None** | **July 2008** | **1412 Buena Vista, San Clemente - Short sale, Debtors received no sales proceeds.** |

**EXHIBIT B**        **000052**

5

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| **Mark & Maxine Naughton**<br>**4015 Calle Juno**<br>**San Clemente, CA 92673**<br>None | **July 2009** | **SFR 4015 Calle Juno - short sale - Debtors received no proceeds.** |
| **James Cowley**<br>**405 Avenida Granada**<br>**San Clemente, CA 92672**<br>None | **December 2009** | **405 Avenida Granada - short sale - debtors received no proceeds.** |

None
■  b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

---

**11.  Closed financial accounts**

None
☐  List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| **Union Bank**<br>**810 Avenida Pico**<br>**San Clemente, CA 92672** | **Checking - #9551 - $1,925.  For management of 139 W. Canada, Debtors own a 50% interest.** | **April 12, 2011 - $1,925.00.** |

---

**12.  Safe deposit boxes**

None
■  List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

---

**13.  Setoffs**

None
■  List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

---

**14.  Property held for another person**

None
■  List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

---

**EXHIBIT B**                                                                     **000053**

**15.  Prior address of debtor**

None
☐

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|
| **4015 Calle Juno**<br>**San Clemente, CA 92673** | **Russell and Lisa Parks** | **June 1996 to January 2009** |

**16. Spouses and Former Spouses**

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None
■

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF<br>GOVERNMENTAL UNIT | DATE OF<br>NOTICE | ENVIRONMENTAL<br>LAW |
|---|---|---|---|

None
■

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF<br>GOVERNMENTAL UNIT | DATE OF<br>NOTICE | ENVIRONMENTAL<br>LAW |
|---|---|---|---|

None
■

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF<br>GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**EXHIBIT B**                    **000054**

### 18 . Nature, location and name of business

None
☐

a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| **Kidart** | **5718** | **204 S. La Esperanza #B San Clemente, CA 92672** | **Art Schooling** | **1995 to present** |

None
■

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                              ADDRESS

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

### 19. Books, records and financial statements

None
☐

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                                              DATES SERVICES RENDERED
**Wells Tax Consulting Corporation**                          **Ongoing**
**466 Foothill Blvd**
**308**
**La Canada Flintridge, CA 91011**

None
■

b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                          ADDRESS                          DATES SERVICES RENDERED

None
■

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                                              ADDRESS

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com                                              Best Case Bankruptcy

## EXHIBIT B                                              000055

8

None ■   d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS                      DATE ISSUED

### 20. Inventories

None ■   a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

DATE OF INVENTORY         INVENTORY SUPERVISOR         DOLLAR AMOUNT OF INVENTORY (Specify cost, market or other basis)

None ■   b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

DATE OF INVENTORY                 NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS

### 21 . Current Partners, Officers, Directors and Shareholders

None ■   a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

NAME AND ADDRESS         NATURE OF INTEREST         PERCENTAGE OF INTEREST

None ■   b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

NAME AND ADDRESS         TITLE         NATURE AND PERCENTAGE OF STOCK OWNERSHIP

### 22 . Former partners, officers, directors and shareholders

None ■   a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

NAME         ADDRESS         DATE OF WITHDRAWAL

None ■   b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

NAME AND ADDRESS         TITLE         DATE OF TERMINATION

### 23 . Withdrawals from a partnership or distributions by a corporation

None ■   If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR         DATE AND PURPOSE OF WITHDRAWAL         AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY

### 24. Tax Consolidation Group.

None ■   If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION         TAXPAYER IDENTIFICATION NUMBER (EIN)

**EXHIBIT B**         **000056**

**25. Pension Funds.**

None
■

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                                              TAXPAYER IDENTIFICATION NUMBER (EIN)

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  **April 13, 2011**                    Signature   **/s/ Russell Larry Parks**
                                                         **Russell Larry Parks**
                                                         Debtor

Date  **April 13, 2011**                    Signature   **/s/ Lisa Carole Parks**
                                                         **Lisa Carole Parks**
                                                         Joint Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

Form B203 - Disclosure of Compensation of Attorney for Debtor - (1/88)    1998 USBC, Central District of California

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| In re | Case No.: |
|---|---|
| **Russell Larry Parks**<br>**Lisa Carole Parks**<br><br>Debtor. | **DISCLOSURE OF COMPENSATION<br>OF ATTORNEY FOR DEBTOR** |

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   | | | |
   |---|---|---|
   | For legal services, I have agreed to accept | $ | **28,000.00** |
   | Prior to the filing of this statement I have received | $ | **28,000.00** |
   | Balance Due | $ | **0.00** |

2. The source of the compensation paid to me was:

   ■ Debtor    ☐ Other (specify):

3. The source of compensation to be paid to me is:

   ■ Debtor    ☐ Other (specify):

4. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]
      **Negotiations with secured creditors to reduce to market value; exemption planning; preparation and filing of reaffirmation agreements and applications as needed; preparation and filing of motions pursuant to 11 USC 522(f)(2)(A) for avoidance of liens on household goods.**

# EXHIBIT B                                      000058

Form B203 Page Two - Disclosure of Compensation of Attorney for Debtor - (1/88)    1998 USBC, Central District of California

6.    By agreement with the debtor(s), the above-disclosed fee does not include the following services
   **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**

---

**CERTIFICATION**

   I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| **April 13, 2011** | **/s/ Thomas P. Giordano** |
| --- | --- |
| *Date* | **Thomas P. Giordano 155548** |
|  | *Signature of Attorney* |
|  | **Law Office of Thomas P. Giordano** |
|  | *Name of Law Firm* |
|  | **18101 Von Karman Ave** |
|  | **Suite 560** |
|  | **Irvine, CA 92612** |
|  | **(714) 912-7810  Fax: (714) 912-7860** |

---

# EXHIBIT B                                                 000059

February 2006                                                              2006 USBC Central District of California

# United States Bankruptcy Court
## Central District of California

In re    **Russell Larry Parks**
     **Lisa Carole Parks**

Debtor(s)

Case No. _____

Chapter    **11**

# DEBTOR'S CERTIFICATION OF EMPLOYMENT INCOME
# PURSUANT TO 11 U.S.C. § 521 (a)(1)(B)(iv)

Please fill out the following blank(s) and check the box next to one of the following statements:

I,   **Russell Larry Parks**  , the debtor in this case, declare under penalty of perjury under the laws of the United States of America that:

☐      I have attached to this certificate copies of my pay stubs, pay advices and/or other proof of employment income for the 60-day period prior to the date of the filing of my bankruptcy petition.
      (*NOTE: the filer is responsible for blacking out the Social Security number on pay stubs prior to filing them.*)

■      I was self-employed for the entire 60-day period prior to the date of the filing of my bankruptcy petition, and received no payment from any other employer.

☐      I was unemployed for the entire 60-day period prior to the date of the filing of my bankruptcy petition.

I,   **Lisa Carole Parks**  , the debtor in this case, declare under penalty of perjury under the laws of the United States of America that:

☐      I have attached to this certificate copies of my pay stubs, pay advices and/or other proof of employment income for the 60-day period prior to the date of the filing of my bankruptcy petition.
      (*NOTE: the filer is responsible for blacking out the Social Security number on pay stubs prior to filing them.*)

■      I was self-employed for the entire 60-day period prior to the date of the filing of my bankruptcy petition, and received no payment from any other employer.

☐      I was unemployed for the entire 60-day period prior to the date of the filing of my bankruptcy petition.

Date   **April 13, 2011**      Signature   **/s/ Russell Larry Parks**
                                         **Russell Larry Parks**
                                         Debtor

Date   **April 13, 2011**      Signature   **/s/ Lisa Carole Parks**
                                         **Lisa Carole Parks**
                                         Joint Debtor

# EXHIBIT B                          000060

B22B (Official Form 22B) (Chapter 11) (12/10)

In re  **Russell Larry Parks**
**Lisa Carole Parks**

Debtor(s)

Case Number:

(If known)

# CHAPTER 11 STATEMENT OF CURRENT MONTHLY INCOME

In addition to Schedules I and J, this statement must be completed by every individual Chapter 11 debtor, whether or not filing jointly.  Joint debtors may complete one statement only.

| | **Part I. CALCULATION OF CURRENT MONTHLY INCOME** | | |
|---|---|---|---|
| 1 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ☐ Unmarried. **Complete only Column A ("Debtor's Income") for Lines 2-10.**<br>b. ☐ Married, not filing jointly. **Complete only column A ("Debtor's Income") for Lines 2-10.**<br>c. ■ Married, filing jointly. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 2-10.** | | |

| | | Column A<br>Debtor's Income | Column B<br>Spouse's Income |
|---|---|---|---|
| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing.  If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | | |
| 2 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $ 0.00 | $ 0.00 |
| 3 | **Net income from the operation of a business, profession, or farm.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 3.  If more than one business profession or farm, enter aggregate numbers and provide details on an attachment.  Do not enter a number less than zero.<br>a. Gross receipts — Debtor $1,903.33  Spouse $5,570.33<br>b. Ordinary and necessary business expenses — Debtor $822.77  Spouse $979.67<br>c. Business income — Subtract Line b from Line a | $ 1,080.56 | $ 4,590.67 |
| 4 | **Net Rental and other real property income.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4.  Do not enter a number less than zero.<br>a. Gross receipts — Debtor $0.00  Spouse $17,577.44<br>b. Ordinary and necessary operating expenses — Debtor $0.00  Spouse $11,358.03<br>c. Rent and other real property income — Subtract Line b from Line a | $ 0.00 | $ 6,219.41 |
| 5 | **Interest, dividends, and royalties.** | $ 0.00 | $ 0.00 |
| 6 | **Pension and retirement income.** | $ 899.33 | $ 0.00 |
| 7 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include alimony or separate maintenance payments or amounts paid by the debtor's spouse if Column B is completed. Each regular payment should be reported in only one column; if a payment is listed in Column A, do not report that payment in Column B. | $ 0.00 | $ 0.00 |
| 8 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 8. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br>Unemployment compensation claimed to be a benefit under the Social Security Act  Debtor $ 0.00  Spouse $ 0.00 | $ 0.00 | $ 0.00 |
| 9 | **Income from all other sources.** Specify source and amount. If necessary, list additional sources on a separate page. Total and enter on Line 9. **Do not include alimony or separate maintenance payments paid by your spouse if Column B is completed, but include all other payments of alimony or separate maintenance.  Do not include** any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism.<br>a. —  Debtor $  Spouse $<br>b. —  Debtor $  Spouse $ | $ 0.00 | $ 0.00 |

**EXHIBIT B**       **000061**

B22B (Official Form 22B) (Chapter 11) (12/10)                                                                                    **2**

| 10 | **Subtotal of current monthly income.** Add lines 2 thru 9 in Column A, and, if Column B is completed, add Lines 2 thru 9 in Column B.  Enter the total(s). | $ **1,979.89** | $ **10,810.08** |
|----|---|---|---|
| 11 | **Total current monthly income.** If Column B has been completed, add Line 10, Column A to Line 10, Column B, and enter the total.  If Column B has not been completed, enter the amount from Line 10, Column A. | $ | **12,789.97** |

| | **Part II. VERIFICATION** |
|---|---|
| 12 | I declare under penalty of perjury that the information provided in this statement is true and correct.  *(If this is a joint case, both debtors must sign.)*<br><br>Date:  **April 13, 2011**              Signature:  **/s/ Russell Larry Parks**<br>                                                                                         **Russell Larry Parks**<br>                                                                                              (Debtor)<br><br>Date:  **April 13, 2011**              Signature   **/s/ Lisa Carole Parks**<br>                                                                                         **Lisa Carole Parks**<br>                                                                                           (Joint Debtor, if any) |

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com                                          Best Case Bankruptcy

**EXHIBIT B**                                                                      **000062**

B22B (Official Form 22B) (Chapter 11) (12/10)                                              3

# Current Monthly Income Details for the Debtor

**Debtor Income Details:**

Income for the Period **10/01/2010** to **03/31/2011**.

**Line 3 - Income from operation of a business, profession, or farm**

Source of Income: **Champions Salon**

Income/Expense/Net by Month:

|                | Date    | Income      | Expense   | Net        |
|----------------|---------|-------------|-----------|------------|
| 6 Months Ago:  | 10/2010 | $1,182.50   | $812.00   | $370.50    |
| 5 Months Ago:  | 11/2010 | $1,101.50   | $860.00   | $241.50    |
| 4 Months Ago:  | 12/2010 | $1,347.97   | $910.00   | $437.97    |
| 3 Months Ago:  | 01/2011 | $2,585.00   | $821.00   | $1,764.00  |
| 2 Months Ago:  | 02/2011 | $2,410.00   | $782.60   | $1,627.40  |
| Last Month:    | 03/2011 | $2,793.00   | $751.00   | $2,042.00  |
| Average per month: | | $1,903.33 | $822.77 | |
| Average Monthly NET Income: | | | | $1,080.56 |

**Line 6 - Pension and retirement income**

Source of Income: **Social Security**

Income by Month:

|                | Date    | Income   |
|----------------|---------|----------|
| 6 Months Ago:  | 10/2010 | $898.00  |
| 5 Months Ago:  | 11/2010 | $898.00  |
| 4 Months Ago:  | 12/2010 | $898.00  |
| 3 Months Ago:  | 01/2011 | $898.00  |
| 2 Months Ago:  | 02/2011 | $902.00  |
| Last Month:    | 03/2011 | $902.00  |
| Average per month: | | $899.33 |

**EXHIBIT B**                                              000063

## Current Monthly Income Details for the Debtor's Spouse

**Spouse Income Details**:
Income for the Period **10/01/2010** to **03/31/2011**.

**Line 3 - Income from operation of a business, profession, or farm**
Source of Income: **Kid Art**
Income/Expense/Net by Month:

|  | Date | Income | Expense | Net |
|---|---|---|---|---|
| 6 Months Ago: | 10/2010 | $5,835.00 | $855.00 | $4,980.00 |
| 5 Months Ago: | 11/2010 | $5,482.00 | $894.00 | $4,588.00 |
| 4 Months Ago: | 12/2010 | $4,450.00 | $630.00 | $3,820.00 |
| 3 Months Ago: | 01/2011 | $5,050.00 | $1,486.00 | $3,564.00 |
| 2 Months Ago: | 02/2011 | $4,855.00 | $995.00 | $3,860.00 |
| Last Month: | 03/2011 | $7,750.00 | $1,018.00 | $6,732.00 |
| | Average per month: | $5,570.33 | $979.67 | |
| | | | Average Monthly NET Income: | $4,590.67 |

**Line 4 - Rent and other real property income**
Source of Income: **245 Palazara**
Income/Expense/Net by Month:

|  | Date | Income | Expense | Net |
|---|---|---|---|---|
| 6 Months Ago: | 10/2010 | $6,365.00 | $5,306.00 | $1,059.00 |
| 5 Months Ago: | 11/2010 | $6,365.00 | $5,306.00 | $1,059.00 |
| 4 Months Ago: | 12/2010 | $6,365.00 | $5,306.00 | $1,059.00 |
| 3 Months Ago: | 01/2011 | $6,365.00 | $5,306.00 | $1,059.00 |
| 2 Months Ago: | 02/2011 | $6,365.00 | $5,306.00 | $1,059.00 |
| Last Month: | 03/2011 | $6,365.00 | $5,306.00 | $1,059.00 |
| | Average per month: | $6,365.00 | $5,306.00 | |
| | | | Average Monthly NET Income: | $1,059.00 |

Remarks:

| **Income** | | **Expenses** | |
|---|---|---|---|
| **Unit #A** | $1,650 | **1st mortgage** | $4,743.00 |
| **Unit #B** | $1,625 | **2nd Mortgage** | $ 270.00 |
| **Unit #C** | $1,550 | **Electric** | $ 50 |
| **Unit #d** | $1,450 | **Gas** | $ 50 |
| **Laundry Room** | $ 90 | **Water** | $ 120 |
| | | **Trash** | $ 33 |
| **Total** | $6,365 | **Gardener** | $ 40 |
| | | **Total** | $5,306 |

B22B (Official Form 22B) (Chapter 11) (12/10)                                                              5

**Line 4 - Rent and other real property income**
Source of Income: **204 S. La Esperanza**
Income/Expense/Net by Month:

|                | Date      | Income     | Expense   | Net        |
|----------------|-----------|------------|-----------|------------|
| 6 Months Ago:  | 10/2010   | $4,300.00  | $0.00     | $4,300.00  |
| 5 Months Ago:  | 11/2010   | $4,300.00  | $0.00     | $4,300.00  |
| 4 Months Ago:  | 12/2010   | $4,300.00  | $0.00     | $4,300.00  |
| 3 Months Ago:  | 01/2011   | $4,300.00  | $0.00     | $4,300.00  |
| 2 Months Ago:  | 02/2011   | $4,300.00  | $0.00     | $4,300.00  |
| Last Month:    | 03/2011   | $4,300.00  | $0.00     | $4,300.00  |
| Average per month: |       | $4,300.00  | $0.00     |            |
| Average Monthly NET Income: |  |       |           | $4,300.00  |

Remarks:
**Unit #A   $2,800**
**Unit #B    It is occupied by debtors**
**Unit #C   $ 1,500**

**Total    $4,300**

**Line 4 - Rent and other real property income**
Source of Income: **5527 Colewood Street, Texas**
Income/Expense/Net by Month:

|                | Date      | Income    | Expense   | Net     |
|----------------|-----------|-----------|-----------|---------|
| 6 Months Ago:  | 10/2010   | $637.44   | $637.44   | $0.00   |
| 5 Months Ago:  | 11/2010   | $637.44   | $637.44   | $0.00   |
| 4 Months Ago:  | 12/2010   | $637.44   | $637.44   | $0.00   |
| 3 Months Ago:  | 01/2011   | $637.44   | $637.44   | $0.00   |
| 2 Months Ago:  | 02/2011   | $637.44   | $637.44   | $0.00   |
| Last Month:    | 03/2011   | $637.44   | $637.44   | $0.00   |
| Average per month: |       | $637.44   | $637.44   |         |
| Average Monthly NET Income: |  |       |           | $0.00   |

Remarks:
**Renter pays for mortgage payment. Mortgage payment will be $572.40, as interest rate is turning variable. Renter is daughter's debtors.**

**Line 4 - Rent and other real property income**
Source of Income: **143 Avenida Canada**
Income/Expense/Net by Month:

|                | Date      | Income     | Expense    | Net      |
|----------------|-----------|------------|------------|----------|
| 6 Months Ago:  | 10/2010   | $6,275.00  | $5,414.59  | $860.41  |
| 5 Months Ago:  | 11/2010   | $6,275.00  | $5,414.59  | $860.41  |
| 4 Months Ago:  | 12/2010   | $6,275.00  | $5,414.59  | $860.41  |
| 3 Months Ago:  | 01/2011   | $6,275.00  | $5,414.59  | $860.41  |
| 2 Months Ago:  | 02/2011   | $6,275.00  | $5,414.59  | $860.41  |
| Last Month:    | 03/2011   | $6,275.00  | $5,414.59  | $860.41  |
| Average per month: |       | $6,275.00  | $5,414.59  |          |
| Average Monthly NET Income: |  |       |            | $860.41  |

Remarks:

| **Income** |         | **Expenses** |            |
|-----------|---------|--------------|------------|
| Unit #A   | $1,550  | 1st Mortgage | $4,826.59  |
| Unit #B   | $1,550  | 2nd Mortgage | $ 260.00   |
| Unit #C   | $1,550  | Electricity  | $ 7.00     |
| Unit #D   | $1,550  | Gas          | $ 60.00    |
|           |         | Water        | $ 150      |
| Washer &D $ 75 |    | Gardener     | $ 70       |
|           |         | Washer Rental $ 41 |      |
| **Total** | $6,275  |              | $5,414.59  |

**EXHIBIT B**                                                                              000065

# MASTER MAILING LIST
## Verification Pursuant to Local Bankruptcy Rule 1007-2(d)

Name        **Thomas P. Giordano 155548**

Address     **18101 Von Karman Ave Suite 560 Irvine, CA 92612**

Telephone   **(714) 912-7810 Fax: (714) 912-7860**

■ Attorney for Debtor(s)
☐ Debtor in Pro Per

| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA | |
|---|---|
| List all names including trade names used by Debtor(s) within last 8 years:<br>**Russell Larry Parks**<br>**Lisa Carole Parks**<br>**AKA Russell Lawrence Parks; AW Russell and Lisa Parks Trust**<br>**AKA Lisa Carole Bridge-Parks; AW Russel and Lisa Parks Trust; DBA Kidart** | Case No.: |
| | Chapter:        **11** |
| | |

## VERIFICATION OF CREDITOR MAILING LIST

The above named debtor(s), or debtor's attorney if applicable, do hereby certify under penalty of perjury that the attached Master Mailing List of creditors, consisting of   **6**   sheet(s) is complete, correct, and consistent with the debtor's schedules pursuant to Local Rule 1007-2(d) and I/we assume all responsibility for errors and omissions.

Date:  **April 13, 2011**                          **/s/ Russell Larry Parks**
                                                    **Russell Larry Parks**
                                                    Signature of Debtor

Date:  **April 13, 2011**                          **/s/ Lisa Carole Parks**
                                                    **Lisa Carole Parks**
                                                    Signature of Debtor

Date:  **April 13, 2011**                          **/s/ Thomas P. Giordano**
                                                    Signature of Attorney
                                                    **Thomas P. Giordano 155548**
                                                    **Law Office of Thomas P. Giordano**
                                                    **18101 Von Karman Ave**
                                                    **Suite 560**
                                                    **Irvine, CA 92612**
                                                    **(714) 912-7810   Fax: (714) 912-7860**

# EXHIBIT B                                                            000066

Russell Larry Parks
204 S. La Esperanza, No. B
San Clemente, CA 92672


Lisa Carole Parks
204 S. LaEsperanza, No. B
San Clemente, CA 92672


Thomas P. Giordano
Law Office of Thomas P. Giordano
18101 Von Karman Ave
Suite 560
Irvine, CA 92612

**EXHIBIT B**                    000067

American Express
c/o Becket and Lee LLP
Box 0001
Los Angeles, CA 90096


American Home Mtg Srv
Please call 1-888-237-9280
P.O. Box 619063
Dallas, TX 75261


Bac Home Loans Services
450 American St
Simi Valley, CA 93065


Bank of America
P.O. Box 17054
Wilmington, DE 19850


Bank of America
Attn: Bankruptcy NC4-105-03-14
P.O. Box 26012
Greensboro, NC 27410


Bank of America
Attn: Bankruptcy NC4-105-02-99
P.O. Box 26012
Greensboro, NC 27410


Bank of America
P. O. Box 17054
Wilmington, DE 19850


Bank of America
P.O. Box 5170
Simi Valley, CA 93062


**EXHIBIT B**                                    **000068**

Bishop, White, Marshall & Weibel
901 Sunvalley Boulevard Suite 220
Concord, CA 94520


Blier & Cox LLP
16130 Ventura Blvd., Suite 620
Encino, CA 94136


Capital One, N.a.
Bankruptcy Dept
P.O. Box 5155
Norcross, GA 30091


Chase
P.O. Box 15298
Wilmington, DE 19850


Chase
P. O. box 15298
Wilmington, DE 19850


CITI
PO BOX 6000
The Lakes, NV 89163-6000


Citibank Sd, Na
Attn: Centralized Bankruptcy
P.O. Box 20507
Kansas City, MO 64195


CitiBusiness Card
P.O.Box 6401
The Lakes, NV 88901


**EXHIBIT B**                                          000069

Discover Financial
P.O. Box 6103
Carol Stream, IL 60197


EMC
909 Hidden Ridge, #200
Irving, TX 75038


Financial Group, LLC
P.O.Box 440290
Aurora, CO 80044


Financial Recovery Services, Inc
Dept 813
P.O. Box 4115
Concord, CA 94524


First Source Advantage
P.O.Box 628
Buffalo, NY 14240


Green Tree
P.O. Box 6172
Rapid City, SD 57709


Green Tree Servicing L
PO Box 6172
Rapid City, SD 57709


Hunt & Henriques, Attorneys at Law
151 Bernal Road #8
San Jose, CA 95119


**EXHIBIT B**                                     000070

```
IRL Law Offices
P.O.Box 84060
San Diego, CA 92138


Law Offices of Patenaude & Felix
4545 Murphy Canyon Road
San Diego, CA 92123


Lois & Samuel Montgomery Trust
24156 Vista D'Oro
Dana Point, CA 92629


Lvnv Funding Llc
P.O. Box 740281
Houston, TX 77274


MCM
Dept. 12421
P. O. Box 603
Oaks, PA 19456


Memorial Medical Center
P.O. Box 20894
Fountain Valley, CA 92728


Mercantile
PO Box 9016
Williamsville, NY 14231-9016


Midland Credit Management
P.O. Box 939019
San Diego, CA 92193
```

**EXHIBIT B**                                              **000071**

Progressive Mgmt Syste
1521 W Cameron Ave Fl 1
West Covina, CA 91790


Prsm/cbsd
P.O. Box 6497
Sioux Falls, SD 57117


Recontrust Company
1800 Tapo Canyon Road.,
CA6-914-01-94
Simi Valley, CA 93063


Sears/cbsd
P.O. Box 6189
Sioux Falls, SD 57117


The Brachfeld Law Group
880 Apollo Street # 155
El Segundo, CA 90245


US Bank
425 Walnut St
Cincinnati, OH 45202


**EXHIBIT B**                                    000072

# Exhibit "C"

**Biers, Terry  (USTP)**

| | |
|---|---|
| **From:** | Biers, Terry  (USTP) |
| **Sent:** | Monday, April 18, 2011 2:37 PM |
| **To:** | tomhinchee@aol.com |
| **Cc:** | Grosch, Dinah  (USTP) |
| **Subject:** | Russell & Lisa Parks 8:11-bk-15230 ES |
| **Attachments:** | Terry Biers.vcf |

Hello Mr. Giordano,

Frank Cadigan and I have been assigned the above-captioned Chapter 11 case.  If any issues arise in this case, please contact one of us.

Effective immediately, Chapter 11 compliance documents can be e-mailed to the U.S. Trustee at ustp.region16@usdoj.gov.  This includes Real Property Questionnaires, insurance policies, evidence of bank accounts, tax returns and the like.  It is imperative that the subject line in the e-mail be identified in precisely this way:  "Ch 11 Compliance x:yy-bk-12345" .  Also, please send separate PDF files for tax returns.  The documents are due within seven days of the petition date; in this case that means the 7-day compliance package is **due April 20** via email.  Details can be obtained by reviewing the U.S. Trustee's website at www.justice.gov (Santa Ana, General Information).

No **Initial Debtor Interview** will be scheduled for this case.

Equally important is the need for you to file an application to be employed as counsel in this case.

Finally, please transmit the 20 Largest List to our office in a WORD format to Tari King at Tari.k.king@usdoj.gov.

Thank you,

Terry Biers

**Terry Biers**
Bankruptcy Analyst

(714) 338-3410 Work
terry.biers@usdoj.gov

DOJ - United States Trustee
411 W. 4th St., Suite 9041
Santa Ana, CA  92701

**EXHIBIT C**

**000073**

# Exhibit "D"

FILED & ENTERED

APR 15 2011

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Duarte    DEPUTY CLERK

1
2
3
4
5
6
7

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

In re

RUSSELL LARRY PARKS,
LISA CAROLE PARKS,

Debtors.

Chapter 11

Case No. 8:11-15230-ES

**ORDER: (1) SETTING HEARING ON
STATUS OF CHAPTER 11 CASE;
AND (2) REQUIRING REPORT ON
STATUS OF CHAPTER 11 CASE**

Date:    June 9, 2011
Time:    10:30 a.m.
Place:   Courtroom 5A

You are hereby notified that a Status Conference hearing has been scheduled to

take place in this Chapter 11 case at the above-captioned time and place.  At the Status

Conference, the Court may, among other things, set deadlines for the filing proofs of

claims and interests, and for the filing of a plan and disclosure statement.

THE COURT HEREBY ORDERS:

1.    The debtor in possession ("Debtor") (or Chapter 11 Trustee, if one

has been appointed) shall give written notice of the Status

Conference to all parties entitled to notice under Rule 2002(a) of the

**EXHIBIT D**                                    **000074**

Bankruptcy Rules of Procedure, twenty-one (21) days before the
hearing date stated above.

2.      Debtor (or Chapter 11 Trustee, if one has been appointed) shall file a
Status Report with the court; submit a file-stamped courtesy copy to
411 W. Fourth Street, Fifth Floor, Santa Ana, California; and serve
the Status Report upon the United States Trustee and all official
committees twenty-one (21) days before the hearing date stated
above.

3.      The Status Report shall address the following matters:

(a)     The circumstances precipitating the filing of the chapter 11
        petition and a brief statement of Debtor's reorganization goals.

(b)     Whether Debtor is in compliance with all duties under 11
        U.S.C. §§ 521, 1106, and 1107, and all applicable guidelines
        of the Office of the U. S. Trustee.  If not, explain why.

(b)     Whether there are any cash collateral issues.

(c)     Whether Debtor has employed general bankruptcy counsel or
        any other professionals and the status of any filed
        employment applications.   If Debtor has employed general
        bankruptcy counsel but has not filed an employment
        application, explain why an application has not been filed..

(d)      The status of Debtor's post-petition operations.

(e)     The status of any post-petition litigation involving Debtor.

(f)     The status of any executory contracts or unexpired leases
        involving non-residential real property under in which Debtor

1    is a lessee and Debtor's intentions regarding the

2    assumption/rejection of such contracts and leases.

3    (g)    Estimation of when a plan and disclosure statement will be

4    filed if the same has not yet been filed.

5    (h)    Reasons why a plan and disclosure statement cannot be filed

6    until the date stated above.

7

8    (i)    The proposed deadline for filing proofs of claims and interests.

9    (j)    Whether the estate has any potential avoidance actions as

10    described in 11 U.S.C. § 546.  If so, state whether complaints

11    have been filed.  If complaints have not been filed, explain

12    why and estimate when they will be filed.

13

14    IT IS FURTHER ORDERED that failure to comply with any provision of this order

15    may be deemed consent to the conversion or dismissal of this case.

16

17    ###

18

19

20

21

22

23

24    DATED: April 15, 2011

25    _____
United States Bankruptcy Judge

26

27

28

**EXHIBIT D**                    **000076**

## NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **ORDER: (1) SETTING HEARING ON STATUS OF CHAPTER 11 CASE; AND (2) REQUIRING REPORT ON STATUS OF CHAPTER 11 CASE** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **April 14, 2011**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below:

Thomas P Giordano      tohmahso@aol.com,
thmspgiordano@gmail.com;attyecf@gmail.com;dlien@1800fixbank.com;alexk.gei@sbcglobal.net
United States Trustee (SA)      ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

Russell Larry Parks
Lisa Carole Parks
204 S. La Esperanza, No. B
San Clemente, CA 92672

☐ Service information continued on attached page

**III. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☐ Service information continued on attached page

**EXHIBIT D**                                      **000077**

# Exhibit "E"

PETER C. ANDERSON
United States Trustee
**Frank Cadigan(Bar No. 95666)**
Assistant United Stated Trustee
OFFICE OF THE U.S. TRUSTEE
RONALD REAGAN FEDERAL BLDG. &
      U.S. COURTHOUSE
411 W. Fourth St., Ste. 9041
Santa Ana, CA  92701-8000
Telephone: (714) 338-3400
Facsimile: (714) 338-3421
E-mail: frank.cadigan@usdoj.gov

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SANTA ANA DIVISION

In re: **Russell Larry Parks,**

CASE NUMBER: **8:11-bk-15230 ES**

CHAPTER 11

U.S. TRUSTEE'S COMMENTS FOR COURT'S
STATUS HEARING

Debtor.

DATE: **June 9, 2011**
TIME: **10:30 A.M.**
CTRM: **5A**

The following information is provided to advise the Court as to the
current status of the above-captioned case:

[X]   The Debtors have failed to file their April 2011 Monthly Operating
      Report.

[X]   The Debtor's proposed general insolvency counsel, Thomas P.
      Giordano has failed to file an employment application to date.

Date: June 1, 2011                    /s/ Frank Cadigan
                                      FRANK CADIGAN
                                      AUST

**EXHIBIT E**                                          **000078**

NOTE: When using this form to indicate service of a proposed order, DO NOT list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 411 W. Fourth St., Ste. 9041, Santa Ana, CA 92701

A true and correct copy of the foregoing document described as U.S. TRUSTEE'S COMMENTS FOR COURT'S STATUS HEARING will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On June 1, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(e s) indicated below:

- Thomas P Giordano    tohmahso@aol.com, thmspgiordano@gmail.com;attyecf@gmail.com;dlien@1800fixbank.com;alexk.gei@sbcglobal.net

☐    **Service information continued on attached page**

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL(indicate method for each person or entity served):**
On  June 1, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Russell L. & Lisa C. Parks, 204 S. La Esperanza, No. B, San Clemente, CA 92672

☐    **Service information continued on attached page**

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on June 1, 2011, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Honorable Erithe Smith – Bin outside room 5097

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 6/1/11 | Dinah Grosch | /s/ Dinah Grosch |
|---|---|---|
| Date | Type Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*

**EXHIBIT E**

**F 9013-3.1.PROOF.SERVICE**

**000079**

**Exhibit "F"**

FILED & ENTERED

FEB 23 2011

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY carranza  DEPUTY CLERK

CHANGES MADE BY COURT

| | |
|---|---|
| 1 | |
| 2 | PETER C. ANDERSON<br>UNITED STATES TRUSTEE |
| 3 | Dare Law, SBN 155714<br>Trial Attorney |
| 4 | Office of the United States Trustee<br>725 S. Figueroa Street, Suite 2600 |
| 5 | Los Angeles, CA  90017<br>Tel: (213) 894-4925 |
| 6 | Fax: (213) 894-2603<br>e-mail:  dare.law@usdoj.gov |
| 7 | |

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA -- LOS ANGELES DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No.: 2:10-bk-37069 VZ |
| | ) | |
| HAWSHON DANIEL RILEY and | ) | Chapter  11 |
| DAGNY BRUNSGAARD RILEY | ) | |
| | ) | **ORDER REFERRING THOMAS P.** |
| Debtors. | ) | **GIORDANO TO THE BANKRUPTCY** |
| | ) | **COURT'S DISCIPLINARY PANEL** |
| | ) | |
| | ) | Date:   January 27, 2011 |
| | ) | Time: 9:30 a.m. |
| | ) | Ctrm: 1368 |

_____

        An Order to Show Cause Directing Thomas P. Giordano to Personally Appear and Show Cause Why He Should Not Be Referred to the Bankruptcy Court's Disciplinary Panel For Filing False Declarations and to Adequately Represent Multiple Clients Before the Bankruptcy Court was heard on the date and time indicated above with appearances as noted on the record.  The Court having considered Thomas P. Giordano's response, the record regarding this matter, and

**EXHIBIT F**                                        **000080**

1    for the reasons set forth on the record and in accordance with the Bankruptcy Court's Second

2    Amended General Order 96-05, it is hereby

3        ORDERED that Thomas P. Giordano, an attorney admitted to the State Bar of California

4    is hereby referred to the Bankruptcy Court's Disciplinary Panel.

5                                    # # #

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26    DATED: February 23, 2011
                                    _____
27                                    United States Bankruptcy Judge

28

**EXHIBIT F**                                          **000081**

1

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

2

# PROOF OF SERVICE OF DOCUMENT

3

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
725 South Figueroa Street, Suite 2600, Los Angeles, CA  90017

4

5

The foregoing document **ORDER REFERRING THOMAS P. GIORDANO TO THE
BANKRUPTCY COURT'S DISCIPLINARY PANEL** will be served or was served **(a)** on the judge
in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

6

7

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to
controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the
court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or
adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive
NEF transmission at the email address(es) indicated below:  NONE

8

9

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On  02/17/11  I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States
Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge
here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the
document is filed.*

10

11

12

Debtors
Hawshon Daniel Riley
Dagny Brunsgaard Riley
8280 Grand View Drive
Los Angeles, CA 90046

13

14

15

Attorney for Debtor
Thomas B Ure
Ure Law Firm
811 Wilshire Blvd Ste 1000
Los Angeles, CA 90017

16

17

18

Other Interested Parties
Thomas P Giordano
18101 Von Karman Ave
Ste 560
Irvine, CA 92612

19

20

21

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method
for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on  02/17/11  I served the
following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service
method), by facsimile transmission and/or email as follows.  *Listing the judge here constitutes a declaration that
personal delivery on the judge will be completed no later than 24 hours after the document is filed.*
**Personal Delivery:**
The Honorable Vincent P. Zurzolo, U.S. Bankruptcy Judge
U.S. Bankruptcy Court, Roybal Federal Building
255 E. Temple Street, Suite 1368 Drop Bin
Los Angeles, CA 90012
        I declare under penalty of perjury under the laws of the United States of America that the foregoing is true
and correct.

22

23

24

25

26

27

28

02/17/11            Stephanie Hill                    /s/ Stephanie Hill

-3-

# EXHIBIT F

000082

| Date | Type Name | Signature |

**EXHIBIT F**                                                            000083

**In re** HAWSHON DANIEL RILEY and DAGNY BRUNSGAARD RILEY
Ch. 11 Case No. 2:10-bk-37069 VZ

<u>NOTE TO USERS OF THIS FORM</u>:
**1)** Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
**2)** The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3) Category I.** below: The United States trustee and case trustee (if any) will always be in this category.
**4) Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. <u>DO NOT</u> list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **ORDER REFERRING THOMAS P. GIORDANO TO THE BANKRUPTCY COURT'S DISCIPLINARY PANEL** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I. <u>SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u> –** Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of ___02/17/11___, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below:

**II. <u>SERVED BY THE COURT VIA U.S. MAIL:</u>** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

⊠   Service information continued on attached page

**III. <u>TO BE SERVED BY THE LODGING PARTY</u>:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☐   Service information continued on attached page

# EXHIBIT F

**000084**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SERVICE LIST FOR ENTERED ORDER**

| **SERVED ELECTRONICALLY** | **II.  SERVED BY U.S. MAIL** |
|---|---|
| • Richard J Bauer<br>  rbauer@mileslegal.com<br><br>• Dare Law     dare.law@usdoj.gov<br><br>• United States Trustee (LA)<br>  ustpregion16.la.ecf@usdoj.gov<br><br>• Thomas B Ure     tbuesq@aol.com,<br>  ThomasUre@aol.com | Debtors<br>Hawshon Daniel Riley<br>Dagny Brunsgaard Riley<br>8280 Grand View Drive<br>Los Angeles, CA 90046<br><br><br>Other Interested Parties<br>Thomas P Giordano<br>18101 Von Karman Ave<br>Ste 560<br>Irvine, CA 92612 |

**EXHIBIT F**                                    000085

**Exhibit "G"**

1

2

3

4

5

6

7

PETER C. ANDERSON
UNITED STATES TRUSTEE
Dare Law, SBN 155714
Trial Attorney
Office of the United States Trustee
725 S. Figueroa Street, Suite 2600
Los Angeles, CA  90017
Tel: (213) 894-4925
Fax: (213) 894-2603
e-mail: dare.law@usdoj.gov

**FILED & ENTERED**

**FEB 23 2011**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY carranza  DEPUTY CLERK

8

9

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA -- LOS ANGELES DIVISION

10

11

12

13

14

15

16

17

18

In re:

HAWSHON DANIEL RILEY and
DAGNY BRUNSGAARD RILEY

Debtors.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 2:10-bk-37069 VZ

Chapter  11

**FINDINGS OF FACT AND
CONCLUSIONS OF LAW; STATEMENT
OF CAUSE REFERRING THOMAS P.
GIORDANO TO THE DISCIPLINARY
PANEL**

Date:   January 27, 2011
Time:  9:30 a.m.
Ctrm:  1368

19

20

21

22

23

24

25

26

27

28

On January 27, 2011, the Court heard its Order to Show Cause Directing Thomas P.
Giordano to Personally Appear and Show Cause Why He Should Not Be Referred to the
Bankruptcy Court's Disciplinary Panel For Filing False Declarations and to Adequately Represent
Multiple Clients Before the Bankruptcy Court.   Dare Law, Esq. appeared for the United States
Trustee, Randy Dorcy, Esq. appeared as an Interested Party, and Thomas P. Giordano appeared
on behalf of himself.  The Court having considered the Application for Order to Show Cause why
Thomas P. Giordano Should Not be Referred to the Disciplinary Panel, the Request for Judicial
Notices volumes one through seven, Thomas P. Giordano's response, the record regarding this
matter, in accordance with the Bankruptcy Court's Second Amended General Order 96-05, found

1

**EXHIBIT G**

**000086**

sufficient cause to refer Thomas P. Giordano, an attorney admitted to the State Bar of California , to the Bankruptcy Court's Disciplinary Panel.

I.

## SUMMARY OF MISCONDUCT

1. Giordano filed multiple bankruptcy petitions without debtors' permission or knowledge.

2. Giordano filed documents with the court purporting to be signed by debtors when, in fact, the debtors never saw or authorized the filings.

3. Debtors believed that they were meeting with attorneys but instead were advised by Giordano's non-legal staff, without supervision of an attorney, on legal issues affecting debtors rights and remedies inside and outside of bankruptcy.

4. Debtors contracted with Giordano's firm to file chapter 11 bankruptcy petitions, upon advice of personnel in Giordano's firm, but instead chapter 7 petitions were filed in those debtors' names as part of a strategy by Giordano to obtain larger retainers.

5. Giordano failed to comply with the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rules regarding his employment in bankruptcy cases filed by his firm and regarding proper administration of those cases.

II.

## FINDINGS OF FACT

**A.**    **Hawshon Daniel Riley and Dagny Brunsgaard Riley, ("the Rileys")**

**case number 2:10-bk-37169 VZ.**

1. On or about July 01, 2010, Giordano caused to be filed a third bankruptcy petition for debtors, Hawshon Daniel Riley and Dagny Brunsgaard Riley, (the "Rileys"), which was assigned case number 2:10-bk-37069 VZ.

2. Giordano filed the first bankruptcy petition on April 23, 2010 as a chapter 13 face sheet petition, which was assigned case no. 2:10-bk-25906 VK.  On May 07, 2010, Giordano filed  a motion attempting to convert the case to chapter 11.  On May 07, 2010, he also filed a motion to extend the deadline for filing schedules.  The motion for extension of time was denied

**EXHIBIT G**                                    **000087**

by order of the court entered on June 04, 2010.  The court also denied the Rileys' motion to convert the case to chapter 11 by order entered on June 17, 2010.  On June 17, 2010, the case was dismissed with a 180-day restriction against refiling for failure to appear at the 341(a) meeting.

3.    Giordano filed a second bankruptcy for the Rileys on June 29, 2010, as a chapter 11 case assigned case number 2:10-bk-36661AA.  This case was filed as a face sheet petition without Schedules of Assets and Liabilities and without any Statement of Financial Affairs.  This case was dismissed on June 29, 2010.  On July 01, 2010, the court issued an order denying a motion for an emergency order imposing a stay under 11 U.S.C. §362 of the Bankruptcy Code but granted the request to vacate the 180-day restriction against refiling entered in the Rileys' prior case.  The July 01, 2010 order noted that the Rileys' second case was dismissed as of June 30, 2010.

4.    In the third case filed by Giordano on July 01, 2010, similarly, the petition was filed without Schedules of Assets or Liabilities and without any Statement of Financial Affairs.  On July 02, 2010, the court dismissed the case with a 180-day restriction against refiling.  On July 21, 2010, the dismissal order was vacated by order of the court stating that a clerical error had been made in entering the order of July 02, 2010.  Giordano, on July 07, 2010, filed a motion for order imposing stay.  No hearing ever was scheduled on this motion and no order adjudicating the motion for order imposing stay was entered.  On August 05, 2010, Giordano also filed a motion seeking an extension of time to file schedules.

5.    According to the Rileys,  the wrongful conduct of Giordano began well before the filing of the third case.   On or about April 20, 2010, the Rileys had their first meeting with a representative of the Giordano Firm.  Their property was scheduled to be sold at a Trustee's sale on Monday, April 26, 2010;  they learned about the Giordano Firm through a radio advertisement which proclaimed that Giordano and his staff were highly trained and had been in the business for over 25 years.

**EXHIBIT G**                                                      000088

6.      The Rileys did not meet Giordano personally, but met with another individual at the Giordano Firm who they believed at the time to be an attorney.  The Rileys later discovered that they never once met with an actual attorney at the Giordano Firm.

7.      During the initial meeting, the Rileys were counseled to retain the Giordano Firm to file a Chapter 7 bankruptcy and later to convert it to a Chapter 11 case for the fee of $35,000.00.  They signed a Chapter 7 retainer agreement and delivered a check in the amount of $2,000.00 to the Giordano firm as a down payment.

8.      On or about April 23, 2010, the Giordano Firm contacted the Rileys and told them they should not file a Chapter 7 as there could be complications with converting it to a Chapter 11.  They were counseled to file a Chapter 13 bankruptcy and to later convert the case to Chapter 11.

9.      The Rileys expressly told representatives of the Giordano Firm that they did not want to file a Chapter 13.  They also signed a new retainer to file a Chapter 11.  The Rileys deposited with the Giordano Firm five (5) post-dated checks as part of a payment plan for the balance of the attorney's fees, despite the retainer agreement stating that the fee had been paid in full.

10.      Personnel at the Giordano firm told the Rileys that it was required by the Court that the retainer agreement state that the Giordano Firm had been paid in full.  Despite a retainer to file a Chapter 11 case and express instructions from the Rileys not to file a Chapter 13 petition, on April 23, 2010, disregarding their clients instructions, the Giordano Firm filed a Chapter 13 bankruptcy case assigned case number 2:10-bk-25906-VK.  The Rileys were not made aware that Giordano filed a Chapter 13 petition on their behalf.

11.      On May 7, 2010,  Giordano filed a  motion to convert the chapter 13 case to Chapter 11.  The Rileys only learned of the chapter 13 case when they received a notice of commencement of case from the bankruptcy court.

12.      The Rileys' first meeting of creditors held in accordance with 11 U.S.C. §341(a) was scheduled for June 8, 2010.  When the Rileys received notice of the meeting and called the Giordano Firm for an explanation, Delores Jackson, an employee of Giordano whom they

**EXHIBIT G**                                                    000089

believed to be an attorney, told them not to appear and to disregard further notices from the
bankruptcy court.  Ms. Jackson also advised them that their case would be converted to chapter
11.

13.     Relying on what they believed to be advice of counsel, the Rileys did not appear
for their June 8th, 341(a) meeting of the creditors.  As a result, their case was dismissed with a
180-restriction against filing another case.  Again, the Giordano Firm failed to keep the Rileys
informed of developments in their case and they learned of the dismissal only after receiving a
notice from the Court.

14.     Unbeknownst to the Rileys and without their approval, the Giordano Firm filed a
second bankruptcy case on June 29, 2010, under Chapter 11 of the Bankruptcy Code which was
assigned case number 2:10-bk-36661-AA.

15.     Again, the Rileys were not contacted by anyone and informed that this case was to
be filed, they did not sign a second retainer for the filing of the second case, and they did not
physically examine or sign any documents pertaining to the second case  prior to the filing of the
petition.  This second bankruptcy case was dismissed on or about  June 30, 2010, because of the
180-day restriction against filing in the first case.

16.     On July 1, 2010, the court vacated the 180-day restriction against re-filing and the
Giordano Firm commenced a third case on the Rileys behalf.  Once again, the Rileys did not meet
with any representative at the Giordano Firm; they did not sign a new retainer and they did not
physically inspect or sign any documents prior to the filing of the third petition.

17.     During Giordano's representation of the Rileys, he and the firm continually ignored
them, disregarded explicit instructions and had documents filed in their names under the penalty of
perjury, when they had no knowledge of, did not review, and never signed those documents.

18.     The United States Trustee filed his motion to dismiss or convert under 11 U.S.C.
§1112(b) of the Bankruptcy Code as well as his request for disgorgement under 11 U.S.C. §329
of the Bankruptcy Code which were heard on September 23, 2010.  The issue of dismissal or
conversion under 11 U.S.C. §1112(b) was continued to October 28, 2010 due to the substitution
of attorney filed by the Rileys on September 14, 2010.

**EXHIBIT G**                                                000090

19.     On September 29, 2010, the Court entered an order granting the United States Trustee's motion to disgorge fees under 11 U.S.C. §329 of the Bankruptcy Code and mandated that Giordano disgorge the sum of $27,779.20.

**B.**     **Michael Lawrence and Celia Lawrence, (the "Lawrences")**

     **case number 2:10-bk-24505 ER**

20.     Giordano filed a chapter 11 petition for Michael Lawrence and Celia Lawrence ('the Lawrences') on April 15, 2010 under case number 2:10-bk-24505 ER.  The case was dismissed on the United States Trustee's motion to dismiss or convert under 11 U.S.C. §1112(b) of the Bankruptcy Code by order entered on June 30, 2010.

21.     Giordano filed an employment application with the court on June 15, 2010.  The United States Trustee filed his opposition on June 18, 2010.   In contradiction of Local Bankruptcy Rules, no hearing was ever requested or noticed by Giordano to adjudicate the employment application. On June 25, 2010, the United States Trustee also filed a motion under 11 U.S.C. §329 of the Bankruptcy Code seeking disgorgement of fees against Giordano for inadequate representation.

22.     On August 05, 2010, Giordano filed a second chapter 11 case for the Lawrences' assigned case number 2:10-bk-42786 ER.   On August 02, 2010, Giordano filed an opposition to the disgorgement motion filed in the first case alleging that the Debtors wished to continue with his services in the second case .  On August 13, 2010, the court granted the motion to disgorge and mandated disgorgement in the amount of $23,000.00.

22.     Upon learning of the court mandated disgorgement, on August 18, 2010, the Lawrences' filed an application to retain new counsel to represent them in their second bankruptcy case.

**C.**     **Anna Marie Moore ("Ms. Moore"),  case number 2:10-bk-22260 AA**

23.     Giordano filed a chapter 11 petition for Ms. Moore on March 31, 2010.  Schedules were filed on April 14, 2010.   However, neither Giordano nor Ms. Moore submitted the required documents and information to the United States Trustee for chapter 11 debtors in possession.  As

**EXHIBIT G**                                                    **000091**

a result, on April 23, 2010, United States Trustee filed his motion to dismiss or convert this case
which was heard on May 26, 2010

24.    Giordano filed an opposition to the United States Trustee's motion on May 12,
2010, which basically states that documents would be submitted by the time of the hearing.  The
opposition contained no admissible evidence and was not supported by any declarations either by
Giordano or Ms. Moore.

25.    Ms. Moore's Schedule A and testimony at her first meeting of creditors held
pursuant to 11 U.S.C. §341(a) of the Bankruptcy Code on May 13, 2010, (attended by Giordano
and his paralegal Delores Jackson), showed that Ms. Moore had real property which generated
proceeds from rental income.  Giordano failed to file any motions for use of cash collateral or any
other first day motions.

26.    Giordano did not file any employment application in Ms. Moore's case.

27.    Ms. Moore sent a letter to the United States Trustee dated August 02, 2010,
wherein she stated that she never met with Giordano prior to the 341(a) meeting.  It was clear
from Ms. Moore's letter and the actions of Giordano at the 341(a) meeting that he did not know
anything about Ms. Moore's case, leaving all contact between Ms. Moore and his paralegal,
Delores Jackson, or other staff in his office.

28.    The United States Trustee filed a motion for disgorgement under 11 U.S.C. §329
which was heard on July 14, 2010.  Giordano was ordered to disgorge the sum of $23,000.00 to
Ms. Moore.

29.    On July 29, 2010, Giordano filed a motion to vacate the disgorgement order.  The
United States Trustee filed his objections on August 09, 2010 and August 16, 2010 to the motion
to vacate.  The court denied the motion to vacate but modified the disgorgement order to reflect
disgorgement  in the amount of $16,961.00 for monies actually paid by Ms. Moore.

D.    **Marc Melloul and Annie Melloul. (the "Mellouls") case number 2:10-bk-40882 VK**

30.    Giordano filed a chapter 11 petition on July 26, 2010 with Schedules and
Statement of Financial Affairs filed on August 06, 2010 on behalf of the Mellouls.   The United

7

**EXHIBIT G**                                                                        000092

1

States Trustee filed his motion to dismiss or convert this case under 11 U.S.C. §1112(b) of the

2

Bankruptcy Code which was heard on October 05, 2010.

3

     31.    Giordano filed his employment application on September 08, 2010.  The United

4

States Trustee filed his objection to the employment application on September 17, 2010.

5

Contrary to Local Bankruptcy Rules, no hearing was ever set to adjudicate the employment

6

application.

7

32.    On September 22, 2010, Giordano filed an opposition to the United States Trustee's

8

motion.  The opposition, which only contained a declaration of Thomas Giordano, merely stated

9

that the required documents were to be submitted by the hearing date.  Giordano also filed

10

debtors' Monthly Operating Report ("MOR") for the period ending August 2010.  However, the

11

MORs were not signed by the Mellouls.

12

     33.    On October 05, 2010, the court heard the United States Trustee's motion to

13

dismiss or convert.  Appearing at the hearing was Jon Moss, Esq.  from the Law Offices of

14

Thomas P. Giordano and Eric Israel, Esq. of Danning Gill Diamond and Kollitz, the Melloul's

15

new attorney.   Through their new attorney, the Mellouls requested their case be converted to

16

chapter 7 after consultation with Mr. Israel.  On October 13, 2010, the court ordered the case

17

converted from chapter 11 to chapter 7.  The order converting the case was entered on October

18

13, 2010.

19

     34.    After the hearing on the motion to convert, Giordano entered into a stipulation

20

with the United States Trustee to disgorge the sum of $20,740.00.  The order approving the

21

stipulation for disgorgement was entered on October 25, 2010.

22

**E.**     **Darryl G. Harris and Michelle J. Harris, (the "Harris'")**

23

     **case number 2:10-bk-40268-BB**

24

     35.    On July 22, 2010, Giordano filed a chapter 11 petition for Darryl & Michelle

25

Harris.  According to information contained in the Harris's bankruptcy petition, Giordano was the

26

debtors' counsel of record at the time of filing.  Giordano filed Schedules, Statement Of Affairs

27

and a Rule 2016 B Statement - Disclosure of Compensation on August 5, 2010.

28

8

**EXHIBIT G**

000093

36.     The Rule 2016 B Statement indicates that the Harris' paid Giordano $25,000 to represent them in connection with their bankruptcy case.  On or about July 26, 2010, the court issued an order setting a Status Conference in this case for September 8, 2010 at 10:00 a.m. (the "Status Conference Order").   The Status Conference Order required Giordano to serve the order on certain parties as well as to file a status report no later than 14 days prior to the Status Conference.  The Status Conference Order required Giordano to answer questions, provide information and propose deadlines.

37.     On September 1, 2010, Giordano filed a status conference report, seven days late. The court had a number of questions after reviewing the report and issued a tentative ruling prior to the hearing raising various questions and concerns and inquiring about whether the Status Conference Order had been served as required

38.     On September 8, 2010, an attorney who was not one of the attorneys handling this case, appeared on behalf of the Harris' at the Status Conference.  The Court continued the Status Conference to September 22, 2010 at 10:00 a.m. and ordered Thomas Giordano to appear personally.

39.     On September 22, 2010, Giordano failed to appear at the Status Conference even though Giordano had been in the courtroom appearing on a status conference in another unrelated case that was set for the same date and time.  When the court called the Status Conference in the Harris case only counsel for the United States Trustee made an appearance.  The court noted the history of the Giordano firm's conduct in connection with the two status conferences and dismissed this case, specifically reserving jurisdiction over any motion to disgorge fees.

40.     The United States Trustee filed his motion to disgorge the fees received by Giordano which motion was heard on October 20,  2010.    The court granted the motion and ordered disgorgement in the amount of $24,000.00.

F.     **Anthony Torres and Patricia Torres ,(the Torres')  case number 2:10-bk-38963-BB**

41.     The court issued an Order to Show Cause where Giordano appeared at the hearing.  Giordano did not have any excuse for not appearing at the prior status conference or

1    filing any written response to the Court's Order To Show Cause.  On October 01, 2010, the court

2    ordered sanctions against Mr. Giordano in the amount of $150.00.

3    G.    **Heather Cunninham ("Ms. Cunningham") case number 2:10-bk-17755 PC**

4        42.    On March 03, 2010, Giordano filed a chapter 7 bankruptcy petition for Ms.

5    Cunningham.  Giordano filed a motion to convert this case from chapter 7 to chapter 13 on March

6    17, 2010 and on the same day filed a motion to extend time to file schedules.

7        43.    On May 04, 2010, the United States Trustee filed his motion to dismiss under 11

8    U.S.C. §707 and requested disgorgement under 11 U.S.C. §329.  The court dismissed this case

9    pursuant to the United States Trustee's motion.

10       44.    The dismissal order required Giordano to file a Declaration of Compensation Form

11   2016 B on or before 8/2/2010.   Giordano did not file any such disclosure.  Thereafter, the United

12   States Trustee sent a letter to Giordano to inquire about the missing Form 2016B and to request

13   that Giordano file the disclosure prior to August 20,2010.

14       45.    Since no disclosure was filed, on August 25, 2010, the United States Trustee filed

15   an Application for Issuance of Order to Show Cause Why Counsel Should Not Be Held in

16   Contempt of the Court and Directing Counsel to Personally Appear to Explain Why He Failed to

17   Comply with the Court`s Order.  The United States Trustee also requested sanctions against

18   Giordano for his failure to comply with the court`s order.

19       46.    On September 02, 2010, the court entered an order approving the Application for

20   Order to Show Cause.  Giordano was given up to and including October 05, 2010 to file an

21   opposition to the Order to Show Cause.  No timely response was filed with the court.  A hearing

22   on the Order to Show Cause was heard on October 19, 2010 at which time Giordano sent a new

23   associate to appear on his behalf.  On October 21, 2010, the court entered an order for the United

24   States Marshal for the Central District of California to take Giordano into custody, bring him

25   before the United States Bankruptcy Court, courtroom number 1539 at 255 E. Temple Street,

26   Los Angeles, CA 90012, to answer for his contempt of court, and that Giordano be detained until

27   he purged himself of contempt by complying with the Orders entered on July 19, 2010, and

28   September 02, 2010 and paying the sanctions, if any, to be assessed by the court attributable to

10

**EXHIBIT G**                                                                000095

his contempt (the "Bench Warrant").  The court also entered findings of fact and conclusions of law on the same day

47.    On October 22, 2010, Giordano filed his motion to vacate order and his request for order shortening time.  The United States Trustee filed his opposition to such motions and requests on October 26, 2010.

48.    On October 26, 2010, the court denied Giordano's application for order shortening time to vacate the order issuing the Bench Warrant.  A hearing was set for October 28, 2010 re Contempt for Failure to Personally Appear at the Show Cause Hearing Show Cause hearing at 12:30 PM at courtroom 1539.   Giordano eventually appeared before the court and filed the requisite information and the Bench Warrant was vacated.

**H.**    **Ricky Lawson Carroll and Maria Elena Carroll, "(the Carrolls")**

   **case number 8:10-bk-14927 ES**

49.    Giordano filed a chapter 11 petition for Ricky Lawson Carroll and Maria Elena Carroll on April 16, 2010.

50.    On July 30, 2010, the United States Trustee filed his motion to dismiss or convert case under 11 U.S.C. §1112(b) of the Bankruptcy Code for failure to provide information required of chapter 11 debtors in possession.

51.    The United States Trustee also filed his Motion to Disgorge Attorneys Fees Under 11 U.S.C. §329 of the Bankruptcy Code.

52.    On August 18, 2010, Giordano filed his application to employ Thomas P. Giordano as counsel to the debtors.  The United States Trustee filed his objection to the employment application on August 23, 2010.  Giordano filed his reply to the United States Trustee's objection on September 02, 2010.   No hearing was ever set by Giordano to adjudicate his employment application.

53.    Giordano then filed his opposition to the United States Trustee's motion to dismiss or convert on September 03, 2010.  The United States Trustee filed his reply to the opposition on September 03, 2010.

**EXHIBIT G**                                                    **000096**

54.    The court granted the United States Trustee's motion to disgorge attorney fees by entered order on September 13, 2010 requiring disgorgement in the amount of $25,000.00.  The case was subsequently dismissed after debtors obtained and conferred with new counsel.

I.    GIORDANO'S RESPONSE TO THE ORDER TO SHOW CAUSE RE; REFERRAL TO THE DISCIPLINARY PANEL.

55.    Giordano admitted in his written opposition to the Order to Show Cause Why He Should not be Referred to the Disciplinary Panel that he did not properly supervise his staff and left them to handle the bankruptcy cases without proper attorney supervision.

To the extent that any of the foregoing Findings of Fact are more properly characterized as Conclusions of Law, they shall be construed as such and are incorporated herein by this reference

III.

## CONCLUSIONS OF LAW

Giordano committed misconduct before the courts and against his clients.  Giordano or his staff filed multiple bankruptcy cases without informing his clients that he was doing so. Documents were purportedly reviewed by debtors and signed by clients using e-signatures when, in fact, debtors had neither seen the documents filed with the Court nor signed them.  Debtors were misled into believing they had received informed legal counseling but instead had been provided information from non-legal staff in Giordano's office.  This is a violation of Federal Rules of Bankruptcy Procedure 9011(b)(1).  Giordano or his staff prepared declarations of e-signature filings which were prepared in blank and not dated, but were later used in filing documents with the court.

A debtor's attorney has a duty, equivalent to that under Rule 9011, to perform a reasonable investigation into the circumstances giving rise to the documents before filing them in a chapter 7 case.  *Lafayette v. Collins (in re Withrow)*, 405 B.R. 505, 511 (1st Cir. BAP 2009). Section 707(b)(4)(C) allows the imposition of sanctions upon a finding that the signature on the petition has been made without the attorney performing a reasonable investigation into the circumstances that gave rise to the petition and without a determination that the petition was well

**EXHIBIT G**                                    000097

grounded in fact or warranted by existing law.  *In re Robertson*, 370 B.R. 804, 809 (Bankr. D. Minn. 2007).  Section 707(b)(4)(D) requires that a signature on a client's bankruptcy petition be deemed a representation that, to the best of the attorney's knowledge, the information in the schedules filed with such petition is correct.  *Withrow,* 405 B.R. at 512.

Giordano made no effort to satisfy his obligations required under Rule 9011 (b)(3) by filing multiple bankruptcy petitions without performing a reasonable investigation into the circumstances that gave rise to the petition.  Giordano made no effort to properly review his clients financial situation and made no effort to make determinations whether debtors should file bankruptcy and no determination which bankruptcy chapter was particularly suited to the debtors needs.  Giordano and his staff repeated filed improper bankruptcy petitions which led to delays in the resolution of debtors cases, dismissal of some cases, and increased costs to the debtors and creditors, which cases were a substantial burden on the court.  Once a case was filed, Giordano made no effort to advance the case in accordance with the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, or Local Bankruptcy Rules.

California Rules of Professional Conduct Rule 2-110, Failing to Act Competently states:

(A) A member shall not intentionally, recklessly, or repeatedly fail to perform legal services with competence.

(B) For purposes of this rule, "competence" in any legal service shall mean to apply the 1) diligence, 2) learning and skill, and 3) mental, emotional, and physical ability reasonably necessary for the performance of such service.

(C) If a member does not have sufficient learning and skill when the legal service is undertaken, the member may nonetheless perform such services competently by 1) associating with or, where appropriate, professionally consulting another lawyer reasonably believed to be competent, or 2) by acquiring sufficient learning and skill before performance is required.

The duties set forth in Rule 3-110 include the duty to supervise the work of subordinate attorney and non-attorney employees or agents. (See, e.g., *Waysman v. State Bar* (1986) 41 Cal.3d 452; *Trousil v. State Bar* (1985) 38 Cal.3d 337, 342 [211 Cal.Rptr. 525]; *Palomo v. State*

13
**EXHIBIT G**                                                                000098

1    *Bar* (1984) 36 Cal.3d 785 [205 Cal.Rptr. 834]; *Crane v. State Bar* (1981) 30 Cal.3d 117, 122;

2    *Black v. State Bar* (1972) 7 Cal.3d 676, 692 [103 Cal.Rptr. 288; 499 P.2d 968]; *Vaughn v. State*

3    *Bar* (1972) 6 Cal.3d 847, 857-858 [100 Cal.Rptr. 713; 494 P.2d 1257]; *Moore v. State Bar*

4    (1964) 62 Cal.2d 74, 81 [41 Cal.Rptr. 161; 396 P.2d 577].)  Giordano, by failing to supervise

5    employees of his firm, is found to have violated California Rules of Professional Conduct Rule 3-
     110.

6         To the extent any of the following Conclusions of Law are deemed to be Findings of

7    Fact, they shall be construed as such and are incorporated herein by this reference.

8                                          # # #

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25   DATED: February 23, 2011

26                                    _____
                                      United States Bankruptcy Judge
27

28

                                          14
                        **EXHIBIT G**                          000099

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 725 South Figueroa Street, Suite 2600, Los Angeles, CA  90017

The foregoing document FINDINGS OF FACT AND CONCLUSIONS OF LAW; STATEMENT OF CAUSE REFERRING THOMAS P. GIORDANO TO THE DISCIPLINARY PANEL will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:  NONE

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On __02/17/11__ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*
Debtors
Hawshon Daniel Riley
Dagny Brunsgaard Riley
8280 Grand View Drive
Los Angeles, CA 90046

Attorney for Debtors
Thomas B Ure
Ure Law Firm
811 Wilshire Blvd Ste 1000
Los Angeles, CA 90017

Other Interested Parties
Thomas P Giordano
18101 Von Karman Ave
Ste 560
Irvine, CA 92612

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on __02/17/11__ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*
**Personal Delivery:**
The Honorable Vincent P. Zurzolo, U.S. Bankruptcy Judge
U.S. Bankruptcy Court, Roybal Federal Building
255 E. Temple Street, Suite 1368 Drop Bin
Los Angeles, CA 90012
        I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.
    02/17/11            Stephanie Hill                    /s/ Stephanie Hill

–15–

# EXHIBIT G                                        000100

1

| Date | Type Name | Signature |
|------|-----------|-----------|

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT G**

1

**In re** HAWSHON DANIEL RILEY and DAGNY BRUNSGAARD RILEY
Ch. 11 Case No. 2:10-bk-37069 VZ

2

3

<u>NOTE TO USERS OF THIS FORM</u>:

4

**1)**  Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
**2)**  The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3)  Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.
**4)  Category II.** below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney)
who filed an opposition to the requested relief. <u>DO NOT</u> list an address if person/entity is listed in category I.

5

6

7

# NOTICE OF ENTERED ORDER AND SERVICE LIST

8

Notice is given by the court that a judgment or order entitled (*specify*) FINDINGS OF FACT AND CONCLUSIONS
OF LAW; STATEMENT OF CAUSE REFERRING THOMAS P. GIORDANO TO THE DISCIPLINARY PANEL was
entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the
manner indicated below:

9

10

11

**I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling
General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by
the court via NEF and hyperlink to the judgment or order. As of ___02/17/11___, the following person(s) are
currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF
transmission at the email address(es) indicated below:

12

13

14

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order
was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

15

16

⊠    Service information continued on
attached page

17

**III.  TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or
order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing
an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the
entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s)
and/or email address(es) indicated below:

18

19

20

☐    Service information continued on
attached page

21

22

23

24

25

26

27

28

–17–

# EXHIBIT G                                    000102

1

**SERVICE LIST FOR ENTERED ORDER**

2

3

4    **SERVED ELECTRONICALLY**

5    • Dare Law    dare.law@usdoj.gov

6    • United States Trustee (LA)
         ustpregion16.la.ecf@usdoj.gov

7

8    • Thomas B Ure    tbuesq@aol.com,
         ThomasUre@aol.com

9

**SERVED BY U.S. MAIL**
<u>Debtors</u>
Hawshon Daniel Riley
Dagny Brunsgaard Riley
8280 Grand View Drive
Los Angeles, CA 90046

<u>Other Interested Parties</u>
Thomas P Giordano
18101 Von Karman Ave
Ste 560
Irvine, CA 92612

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT G**                                    **000103**

NOTE: When using this form to indicate service of a proposed order, DO NOT list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

**PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 411 W. Fourth St., Ste. 9041, Santa Ana, CA 92701

A true and correct copy of the foregoing document described **NOTICE OF MOTION AND MOTION BY UNITED STATES TRUSTEE TO DETERMINE WHETHER COMPENSATION PAID TO COUNSEL WAS EXCESSIVE UNDER 11 U.S.C. § 329 AND F.R.B.P. 2017; DECLARATION OF TERRY BIERS IN SUPPORT THEREOF** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On July 22, 2011, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Thomas P Giordano    tohmahso@aol.com, thmspgiordano@gmail.com;attyecf@gmail.com;dlien@1800fixbank.com;alexk.gei@sbcglobal.net
- Brian A Paino    ecfcacb@piteduncan.com
- Cassandra J Richey    cmartin@pprlaw.net
- Kristin A Zilberstein    bknotice@mccarthyholthus.com

**II.  SERVED BY U.S. MAIL AND OVERNIGHT MAIL(indicate method for each person or entity served):**

On July 22, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Russell L. & Lisa C. Parks, 204 S. La Esperanza, No. B, San Clemente, CA 92672

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on July 22, 2011, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

Honorable Erithe Smith  – Bin outside room 5097

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 7/22/11 | Dinah Grosch | /s/ Dinah Grosch |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                    **F 9013-3.1.PROOF.SERVICE**

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
RONALD REAGAN FEDERAL BUILDING and U.S. COURTHOUSE
411 West Fourth Street, Suite 2074, Santa Ana, CA 92701-4593

**NOTICE OF MOTION AND MOTION BY UNITED STATES TRUSTEE
TO DETERMINE WHETHER COMPENSATION PAID TO COUNSEL
WAS EXCESSIVE UNDER 11 U.S.C. §329 AND F.R.B.P. 2017**

**DEBTOR INFORMATION:**                    BANKRUPTCY NO.: 8:11-bk-15230-ES
RUSSELL LARRY PARKS and                         CHAPTER 11
LISA CAROLE PARKS,
_____

Notice is hereby given that a hearing in this case will be held at:

**DATE:     SEPTEMBER 8, 2011**
**TIME:     10:30 a.m.**
**LOCATION: RONALD REAGAN FEDERAL BUILDING**
**          and U.S. COURTHOUSE**
**          411 West Fourth Street, Courtroom "5A"**
**          Santa Ana, CA   92701-4593**

To consider and act upon the following:

MOTION BY UNITED STATES TRUSTEE TO DETERMINE WHETHER COMPENSATION
PAID TO COUNSEL WAS EXCESSIVE UNDER 11 U.S.C. §329 AND F.R.B.P.
2017.

Objections to the above shall be made in writing and filed with the
Court and served upon the United States Trustee at least **FOURTEEN
(14) DAYS** prior to the hearing date.  Any objections not filed and
served may be deemed waived.  See Local Bankruptcy Rule 9013-1(f)
and (h).

For further information please refer to the Court file or contact
the office of the United States Trustee.

                                        For The Court,

Dated: _____

                                        **KATHLEEN J. CAMPBELL**
                                        Clerk of Court